UNITED STATES *v.* BAYERSDORFER & Co. (No. 2445).[1]

1. CONSTRUCTION, PARAGRAPH 1419, TARIFF ACT OF 1922—"CHEMICALLY TREATED."

Paragraph 1419, tariff act of 1922, provides for "Natural leaves, plants, shrubs, herbs, trees, and parts thereof, chemically treated, colored, dyed, or painted." The words "chemically treated" do not cover the application of sulphur dioxide as a disinfectant to such merchandise to which nothing has been done but natural sun drying and bleaching, leaving it to be dyed in this country before being useful for the decorative purposes for which it was intended.

[1] T. D. 40542.

2. CONSTRUCTION, TARIFF ACT OF 1922—PROTECTIVE POLICY.

In view of the purpose of the tariff act of 1922 to protect American industries, in deciding a contest between a higher and a lower duty paragraph, a consideration of the extent to which the merchandise is to be processed in this country to fit it for its intended use, is pertinent.

3. RUSCUS LEAVES, SUN DRIED AND BLEACHED AND DISINFECTED WITH SULPHUR DIOXIDE.

Leaves of a plant called ruscus, sun dried and bleached and disinfected with sulphur dioxide, were imported to be dyed in this country and then to be used for decorative purposes. They are not "chemically treated" within the meaning of that expression in paragraph 1419, tariff act of 1922. Controlled by United States v. Rice Co. et al. (9 Ct. Cust. Appls. 165; T. D. 37998) and the long administrative practice and judicial precedent recited therein, the judgment of the Board of United States General Appraisers sustaining the claim of the protest for free entry as a crude vegetable substance under paragraph 1582 is affirmed.

## United States Court of Customs Appeals, November 28, 1924

APPEAL from Board of United States General Appraisers, Abstract 47386

[Affirmed.]

*William W. Hoppin*, Assistant Attorney General, for the United States.
*Comstock & Washburn (J. Stuart Tompkins* of counsel) for the appellees.

[Oral argument Nov. 13, 1924, by Mr. Hoppin and Mr. Tompkins]

Before GRAHAM, Presiding Judge, and SMITH, BARBER, BLAND, and HATFIELD, Associate Judges

BLAND, Judge, delivered the opinion of the court:

The importation in this case is known as ruscus leaves, which grow in the field like wheat. They are natural leaves and have been sun-dried and sun-bleached. When imported, the proof shows that they are immediately sent to a firm in this country, which dyes them different colors, and that they are used when so dyed for decorative purposes. The merchandise was assessed for duty at 60 per cent ad valorem under that part of paragraph 1419 of the tariff act of 1922, which reads as follows:

Natural leaves, plants, shrubs, herbs, trees, and parts thereof, *chemically treated* colored, dyed or painted, not specially provided for, 60 per centum ad valorem. (Italics ours.)

The appellees protested the classification and claimed that they were free of duty under paragraphs 1622 or 1582 as a crude vegetable substance, or, if dutiable, then at 10 or 20 per cent ad valorem as a nonenumerated article. It is also claimed in the protest that they were dutiable at 25 per cent under the last clause of paragraph 752, or at 40 per cent under the last clause of paragraph 751.

The last two claims made by the importers seem not to be insisted upon and were given but very little consideration by the Board of of General Appraisers and are so inapplicable to the merchandise under consideration as not to require any special consideration.

The Board of United States General Appraisers sustained the claim for free entry under paragraph 1582, which provides as follows:

Grasses and fibers: Istle or Tampico fiber, jute, jute butts, manila, sisal, henequen, sunn, and all other textile grasses or fibrous vegetable substances, not dressed or manufactured in any manner, and not specially provided for.

The classification by the board as free of duty under paragraph 1582 was chiefly based upon the authority of the case of United States *v.* Rice Co. et al. (9 Ct. Cust. Appls. 165; T. D. 37998).

The Board of General Appraisers having sustained the protest, the Government appeals to this court, claiming that the assessment of duty at 60 per cent ad valorem under paragraph 1419 as natural leaves chemically treated was proper and that the Rice case, supra, was not controlling, chiefly for the reason that in the Rice case, which was under the tariff act of 1913, paragraph 1419 of the tariff act of 1922 was not under consideration nor was any similar paragraph under consideration, and that the Rice case was decided solely on the question as to whether the presence of sulphur dioxide in wheat heads and stems, made that wheat a manufactured article.

If we understand the position of the Government in this case it is, first: The treatment of the leaves with sulphur dioxide was "chemically treating" within the meaning of the paragraph; second: That the application of sulphur dioxide to green plants preserves the natural color or acts as a bleaching chemical. The Government in its brief, however, states—

Nor does it make any difference whether that treatment was for disinfecting purposes or for bleaching purposes.

The Government's counsel has, however, cited Thorpe's Dictionary of Applied Chemistry, Volume I, page 680, under "Sulphur Compounds" in which the following is found:

S. Schonland (Annals of Botany, November, 1887, 178) makes use of sulphurous acids for preserving the colors of plants and preventing the ravages of insect life afterwards.

It would seem that the latter citation which is called to this court's attention after argument, somewhat shifts the Government's position as indicated in the brief. The testimony, in our judgment, conclusively shows that the ruscus leaves are part of a plant that grows in the field like wheat and that they are cut, sun bleached, and dried, and that some form of sulphur is applied as a disinfectant; that it is not applied for the purpose of bleaching or preserving. The witnesses are in agreement that the merchandise could not be used for the purpose for which it is used if it had been chemically bleached prior to importation; that the grass was "too fragile," "too soft," and "too brittle" to withstand chemical treatment. The testimony

is undisputed that a chemical bleaching would destroy the outer skin of the leaves.

We can not agree with the contention of the Government that the application of sulphur dioxide as a disinfectant is "chemically treating" as used in paragraph 1419. We think this paragraph in providing for "chemically treated, colored, dyed or painted," has reference to natural leaves, plants, shrubs, herbs, trees, and parts thereof, upon which some work, other than the natural drying and bleaching by the sun, has been done toward fitting them for the purpose for which they are to be used. The tariff act of 1922 was designed to raise revenue and also to protect the industries of the United States. It would seem to us, therefore, that it was intended by Congress, in this kind of case, that such work done and effort put forth to prepare the merchandise for use in this country (in the manner indicated by the paragraph) should be done and expended in the United States.

Were it not for the decision in the Rice case, supra, and the long line of decisions upon which it is based, we would be inclined to agree with the second contention of the importer (rather than the first), that the merchandise should be assessed as a nonenumerated unmanufactured article. But it seems to us that having found that the goods were not "chemically treated" within the meaning of paragraph 1419 we are compelled to hold the merchandise classifiable under paragraph 1582, which provides for grasses and fibers. While we realize the merchandise at hand does not possess the fibrous qualities which seem to characterize all of the grasses and fibers listed in the paragraph, it must fall within that paragraph by virtue of long administrative practice and judicial precedent.

In the Rice case, supra, the court quotes from United States v. Post & Co. (3 Ct. Cust. Appls. 260; T. D. 32568), as follows:

In that case Judge Smith, speaking for the court, said—

We are confronted, however, by the very significant fact that for more than 20 years sun-dried grasses, and even grains, have been uniformly held by the Board of General Appraisers to be covered by a free-list provision for grasses and fibers which has appeared substantially in the same form in every tariff act from 1890 to date.

Agreeable to the decision in the Rice case, supra, and the cases therein cited, we hold that the merchandise at bar should have been classified under the free list of paragraph 1582.

The judgment of the Board of General Appraisers is *affirmed*.