UNITED STATES v. SCHALL & CO.

(Circuit Court, S. D. New York. June 20, 1906.)

No. 3,906.

1. CUSTOMS DUTIES—CLASSIFICATION—COMFITS—MARRONS.
    The term "comfits" in paragraph 263, Tariff Act July 24, 1897, c. 11, § 1, Schedule G, 30 Stat. 171 [U. S. Comp. St. 1901, p. 1651], is practically synonymous with "confections," and includes boiled marrons (chestnuts) preserved in syrup.

2. SAME—MARRONS—NUTS—SIMILITUDE.
    Marrons (chestnuts) preserved in syrup are not dutiable as "nuts" under paragraph 272, Tariff Act July 24, 1897, c. 11, § 1, Schedule G, 30 Stat. 172 [U. S. Comp. St. 1901, p. 1652]; nor do they resemble nuts sufficiently to be dutiable at the same rate by virtue of the similitude clause in section 7 of said act, 30 Stat. 205 [U. S. Comp. St. 1901, p. 1693].

On Application for Review of a Decision of the Board of United States General Appraisers.

For decision below see G. A. 5,908 (T. D. 26,007), which reversed the assessment of duty by the collector of customs at the port of New York on certain merchandise, which the board held dutiable as nuts

under paragraph 272, Tariff Act July 24, 1897, c. 11, § 1, Schedule G, 30 Stat. 172 [U. S. Comp. St. 1901, p. 1652], either directly or by virtue of the similitude clause in section 7 of said act, 30 Stat. 205 [U. S. Comp. St. 1901, p. 1693].

W. Wickham Smith, Sp. Asst. U. S. Atty., and D. Frank Lloyd, Asst. U. S. Atty.

Hatch & Clute (J. Stuart Tompkins, of counsel), for importers.

PLATT, District Judge. The merchandise in suit is prepared, before it is imported, in the following manner: A large chestnut, grown in Southern France, Italy, and Spain, called a "marron," is stripped of its covering, and the inner meaty portion is boiled in plain water to make it soft and palatable; it is then immediately placed in a light syrup to preserve it, and a vanilla flavoring is added to increase its delicacy. Those broken in this operation are sent over in fragments, and those which retain their shape are sent whole. The whole marron brings a better price than the broken pieces.

To place such an article, either directly or by similitude, in the class of "nuts of all kinds, shelled or unshelled," which is the catch-all paragraph 272, Tariff Act July 24, 1897, c. 11, § 1, Schedule G, 30 Stat. 172 [U. S. Comp. St. 1901, p. 1652] after almonds, filberts, and peanuts have been specified in the three preceding paragraphs, at different rates for those shelled and for those not shelled, is intolerable. If it cannot be placed in paragraph 263, § 1, Schedule G, 30 Stat. 171 [U. S. Comp. St. 1901, p. 1651], it certainly ought to be classified as a nonenumerated manufactured article, under section 6, 30 Stat. 205 [U. S. Comp. St. 1901, p. 1693] because it has advanced far beyond the merchandise referred to in paragraph 272; but with that matter we have no concern in this suit. Commercial designation does not affect the question. So far as the merchandise in suit is concerned, we are bound to use plain, ordinary, common sense in our interpretation of paragraph 263.

The important part is:

"263. Comfits, sweetmeats, and fruits preserved in sugar, * * * not specially provided for in this Act, one cent per pound and thirty-five per cent. ad valorem."

If the principle of similitude is to be applied now, as it has been by the board of appraisers in fitting the merchandise into paragraph 272, it would not be a far cry at all to take advantage of "fruits preserved in sugar," but we are not forced into that position. To my mind, the word "comfits" is broad enough to comprehend the merchandise in suit. It would be unfair to suspect that the Congress had a moment of tautological relapse when it placed the words "comfits" and "sweetmeats" in the same paragraph. The legislative mind must have found a distinction, and if we can find it, we may be helped out of our dilemma.

We turn to the dictionaries in common use in 1897, and we find that one of the definitions of a comfit is "a confection." The two words are practically synonymous. In the Century Dictionary we find that a confection may be either liquid or dry, and that one of its

meanings is: "Something prepared or preserved with sugar or syrup"; and so it is no straining of language to hold that a chestnut, which is only palatable in the condition which it has reached after boiling, if placed in syrup to be preserved in that condition, is a comfit. The board admitted a doubt, but felt constrained to give the importer the benefit, under the well-recognized rule. I discover no shadow of doubt as to the propriety of using paragraph 263. The importer makes the point that the word "syrup" appears in the comfits paragraph of the Acts of 1883, 1890 and 1894, and is omitted in the like paragraph of 1897; but as the syrup used as a preservative is simply sugar and water, and the sugar furnishes the preservative part, there is no real distinction. "Syrup" was undoubtedly omitted from the last act as a superfluous word.

The decision of the board is reversed, and the action of the collector sustained.