G. B. Raffetto (Inc.) v. United States and James P. Smith & Co.,
Appearing as a Party in Interest (No. 3077) [1]

United States Court of Customs and Patent Appeals, April 29, 1929

*Wm. E. Russell* for appellant.
*Brooks & Brooks (Ernest F. A. Place* of counsel) for party in interest.

[Oral argument January 29, 1929, by Mr. Russell and Mr. Brooks, jr.]

Before Graham, Presiding Judge, and Bland and Hatfield, Associate Judges [2]

Bland, Judge, delivered the opinion of the court:

This is a classification case involving the following paragraphs of the Tariff Act of 1922:

505. Sugar candy and all confectionery not specially provided for, and sugar after being refined, when tinctured, colored, or in any way adulterated, 40 per centum ad valorem.

(Free list.)

1546 (free list). Chestnuts, including marrons, crude, dried, baked, prepared or preserved in any manner.

The imported merchandise concerned in the controversy consists of marrons glacés and marrons in sirup, which were classified by the collector of customs as free of duty under paragraph 1546, *supra.* Appellant, an American manufacturer, protested the classification, claiming the merchandise dutiable under the provisions of paragraph 505, *supra.* The claim of appellant is that the merchandise has been advanced in manufacture or processed to such an extent that a new article has been created, to wit, confectionery, and that since it is a new article it can not be marrons, prepared or preserved. Appellant relies upon the case of *United States* v. *Schall & Co.,* 147 Fed. 760, which held that marrons in sirup were dutiable under paragraph 263 of the Tariff Act of 1897 as comfits, rather than as "nuts of all kinds,

---

[1] T. D. 43357.    [2] Garrett, Associate Judge, did not participate.

shelled or unshelled," under paragraph 272 of said act. Appellant further contends that "under the doctrine of *ejusdem generis* the words 'prepared or preserved in any manner' are limited by the preceding and qualifying adjectives of 'crude,' 'dried,' 'baked,' " and cites *United States* v. *Nichols*, 186 U. S. 298, 300.

Under Point II, appellant also contends that marrons glacés and marrons in sirup are nonenumerated articles and that by similitude they should be classified as confectionery under paragraph 505.

The United States Customs Court agreed with the position taken by the importer, appellee, that paragraph 1546 "describes every mercantile form of marron and includes those in question" and that "it seems to contemplate the exact commodity here involved."

There can be but little doubt that the importation is confectionery. The following definitions, found in Webster's New International Dictionary, support this conclusion:

Confectionery. Sweetmeats, in general; things prepared and sold by a confectioner; confections, candies.

Confection. A prepared dish or dainty; now, a preparation of fruits or roots, etc., with sugar; a sweetmeat; comfit; preserve.

Comfit. A dry sweetmeat; any kind of fruit, root, or seed preserved with sugar and dried; a confection.

Sweetmeat. Fruit preserved with sugar, as peaches, pears, melons, nuts, orange peel, etc.;—usually pl.; a confect; confection.

In the *Schall* case, *supra*, we find the following:

We turn to the dictionaries in common use in 1897, and we find that one of the definitions of a comfit is "a confection." The two words are practically synonymous. In the Century Dictionary we find that a confection may be either liquid or dry, and that one of its meanings is: "Something prepared or preserved with sugar or syrup"; and so it is no straining of language to hold that a chestnut, which is only palatable in the condition which it has reached after boiling, if placed in syrup to be preserved in that condition, is a comfit.

It is at once apparent that, if the merchandise is marrons, prepared or preserved, it should be classified under the free-list paragraph 1546, notwithstanding the applicability of the confectionery paragraph 505, since the provisions of paragraph 1546 are more apt and specific. The sole question, therefore, is: Is the merchandise marrons, prepared or preserved?

The marrons in controversy are European sweet chestnuts. Their manner of preparation is described in the record as follows:

A. Well, they are imported in this country, as I say, in the raw state, boiled here, peeled first, and then cooked for three and a half hours to eliminate oils and the tannic acid from the marrons; they are then placed in sugar, the first day at a Baumé 25°, and kept at an even temperature, 180°, six hours; the sirup is then withdrawn, replaced, covering the marrons at a Baumé 28° four and one-half hours; the third day the sirup is again removed, increased to a Baumé 32°, heated for four and one-half hours at 180° Fahrenheit, the third day, and then placed in containers, the sirup increased from 29° to 32° and allowed to remain in the containers overnight, resulting in marrons glacé.

Exhibit 1 is a 9-ounce bottle labeled "Marrons in syrup, vanilla flavor." Exhibit 2 is an hermetically sealed, tinned box, containing about one dozen "Marrons Glacés." There is very little difference in the preparation of the two exhibits. Both receive the same treatment, except that in the case of the marrons glacés the sirup is drained off and they are coated with sugar. For tariff purposes the two exhibits should have the same dutiable status.

The question as to whether or not the merchandise should be regarded for classification purposes as marrons, prepared or preserved in any manner, is a close one. We recognize that there is great force in the argument of the American manufacturer to the effect that under the peculiar circumstances of this case the marrons have been advanced until they are no longer marrons, and, if it were not for certain considerations hereinafter referred to, we might be inclined to agree with this contention. We are not impressed with the argument concerning *ejusdem generis* nor with the applicability of the similitude doctrine.

*Ammerman & Patterson* v. *United States*, 12 Ct. Cust. Appls. 117, T. D. 40047, involved the question as to whether sliced pineapple in brine was dutiable under paragraph 217 of the Tariff Act of 1913 as edible fruits or was free of duty as "fruits in brine, not specially provided for." The pineapple had been treated with sulphur fumes before being placed in brine and the court said: "The treatment above described was virtually the first step in the manufacture of another commodity, namely, glacé pineapple." In that case it is fair to conclude that the court was of the opinion that glacé pineapple was more than fruit.

Notwithstanding the plausibility of the argument of appellant, we are forced to conclude that Congress contemplated that this character of merchandise should be classified under the free-list paragraph. We can not avoid the pertinence of the suggestion found in Summary of Tariff Information, 1921, page 780:

*Conflicting provisions.*—H. R. 7456 has made separate provision for the more important fruits, including their dried and prepared or preserved forms; in consequence, there may be conflict between the provision for "pickled fruits" and the provisions for particular fruits prepared or preserved. Likewise "sauces," although placed in a paragraph relating to fruits, consist largely of vegetable products such as soy, shoyu, and chutney. *Further, the provision for comfits and sweetmeats may conflict with the several provisions for particular fruits prepared or preserved, as well as with the general provision in paragraph 749 for "fruits prepared or preserved" and "mixtures of two or more fruits."*

*Suggested changes.*—These conflicts might be avoided by striking out the provisions for "pickled fruits and nuts, and sauces of all kinds, not specially provided for; comfits, sweetmeats, and," page 93, lines 3 and 4; * * *. (Italics except paragraph titles ours.)

It is true that in reference to conflicting provisions, the Tariff Commission made no mention of *nuts, prepared or preserved,* but

since comfits and sweetmeats are made from nuts as well as fruits it is obvious that conflicts would arise in the classification of particular nuts, prepared or preserved, as well as under the general provision for "edible nuts * * * pickled or otherwise prepared or preserved." It would seem, therefore, that the Tariff Commission, in making its recommendation to Congress, had in mind that a sweetmeat or comfit made of fruits or nuts like the importation at bar was "prepared or preserved" within the meaning of the provision "prepared or preserved in any manner" in paragraph 1546.

This recommendation of the Tariff Commission was acted upon by the legislature, and the words "comfits and sweetmeats" were taken out of the indicated provision, in the Senate, by amendment, without debate. See Congressional Record, 67th Cong., 2d sess., vol. 62, pt. 10, p. 9900.

In the present tariff act, as well as in the tariff acts of the past, the words "prepared or preserved," when applied to certain enumerated articles, obviously have different shades of meaning. We find in the present act the expressions "prepared or preserved," "otherwise prepared or preserved," "prepared or preserved in any manner," "further prepared or preserved," "otherwise prepared," "ground or prepared in bottles or otherwise," "prepared or preserved in any other manner," "shredded, desiccated, or similarly prepared," and "prepared or preserved by the addition of salt in any manner, or by other means."

As bearing upon the congressional intent in the use of the words "prepared or preserved in any manner" in the controverted paragraph at bar, we think the context of paragraphs 739 and 746 is significant. These paragraphs follow:

739. Citrons and citron peel, crude, dried, or in brine, 2 cents per pound; *candied or otherwise prepared or preserved,* 4½ cents per pound; orange and lemon peel, crude, dried, or in brine, 2 cents per pound; *candied, or otherwise prepared or preserved,* 5 cents per pound.

746. Pineapples, 22½ cents per crate of one and ninety-six one-hundredths cubic feet; in bulk, three-fourths of 1 cent each; *candied, crystallized, or glacé, 35 per centum ad valorem; otherwise prepared or preserved, and not specially provided for,* 2 cents per pound. (Italics ours.)

It will be noted that in paragraph 739 appears the expression "candied or otherwise prepared or preserved." We are not called upon to determine the meaning of the word "candied." Webster's New International Dictionary defines "candied" as follows:

Candied. Preserved in or with sugar; incrusted or coated with sugar or with a sugarlike or candylike substance; as, *candied* fruits.

The Oxford New English Dictionary defines "glacé" as follows:

Glacé. Of fruits: Covered with icing or sugar.

In paragraph 746 glacé pineapple is referred to as prepared or preserved.

In *United States* v. *Gallagher & Ascher, Inc.*, 16 Ct. Cust. Appls. 141, T. D. 42779, this court held that chestnut flour was dutiable as "chestnuts, * * * prepared" rather than as a nonenumerated manufactured article. There the chestnuts were dried out by smoking. They were then shelled and ground into flour. Nothing was added and nothing was taken from the peeled chestnuts. The court arrived at its conclusion largely because of the fact that the Congress had provided for various other kinds of flour and that its failure to provide for chestnut flour was significant. Regardless of all the considerations which brought about the result, the chestnut flour was held to be chestnuts, prepared. And we think it equally consistent to hold that the marrons or chestnuts in controversy, which, in their imported condition, have the form, some of the flavor, and most of the characteristics of the chestnut in its natural state, are still chestnuts.

The judgment of the United States Customs Court is *affirmed.*