UNITED STATES *v.* WEBER (No. 1540).[1]

POULTRY PREPARED IN ANY MANNER.

The provision in paragraph 229, tariff act of 1913, that relates.to "poultry pre· pared in any manner," clearly appears to have been enacted in view of Kwong Yuen Shing *v.* United States (1 Ct. Cust. Appls., 16; T. D. 30774), and must be taken accordingly to enlarge the terms used so as to include the merchandise here as poultry prepared. Articles of food "prepared or preserved" do not neces· sarily retain their original form and separate identity.

United States Court of Customs Appeals, May 18, 1915.

APPEAL from Board of United States General Appraisers, Abstract 37379.

[Reversed.]

*Bert Hanson,* Assistant Attorney General (*Martin T. Baldwin,* special attorney, on the brief), for the United States.

*'Comstock & Washburn* (*J. Stuart Tompkins* on the brief) for appellee.

Before MONTGOMERY, SMITH, BARBER, DE VRIES, and MARTIN, Judges.

MARTIN, Judge, delivered the opinion of the court:

- The merchandise now upon appeal consists of so-called pâté de foie gras, purée de foie gras, and sausage of goose liver, severally packed in tin cans.

The collector assessed duty upon the articles at the rate of 2 cents per pound under the provision for "poultry, prepared in any manner" contained in paragraph 229, tariff act of 1913.

The importer protested against the assessment, claiming the merchandise to be free of duty under the free-list provision for "meats of all kinds, prepared or preserved, not specially provided for" contained in paragraph 545, same act.

The protest was submitted upon evidence to the Board of General Appraisers and was sustained, from which decision the Government appeals.

The evidence in the case discloses that the article called pâté de foie gras is composed of pieces of goose liver, seasoned with salt, pepper, and truffles. This material is packed in a can which is lined with finely ground meat composed of trimmings from goose livers mixed with fat pork. The pork constitutes in bulk about one-fourth of the combination, the goose liver the remaining three-fourths thereof;

---

[1] Reported in T. D. 35469 (28 Treas. Dec., 930).

the relative value of these component materials is not disclosed by the testimony, but it is obvious that the goose liver is the more valuable. The material is cooked or processed in some manner before it is sealed in the can. The present cans are labeled "Pâté de Foie Gras Strasbourg Style—with Perigord Truffles." The purée de foie gras is similar to the foregoing in material and preparation, except that it is cheaper and contains a larger proportion of pork. It is labeled "Goose Liver Paste—with Truffles." The sausage is also packed in cans, which are labeled "Genuine Sausage of Goose Liver." It contains less liver and more pork, and is a cheaper article than either of the others. The three articles just described are substantiallly alike so far as this case is concerned, and all will be included in this decision under the name of pâté de foie gras.

The following is a copy of the cited paragraphs of the tariff act of 1913, and also of the corresponding paragraphs of the tariff acts of 1894, 1897, and 1909:

ACT OF 1894.

225¾. Meats of all kinds, prepared or preserved, not specially provided for in this act, twenty per centum ad valorem.

226. Poultry, two cents per pound; dressed, three cents per pound.

ACT OF 1897.

275. Meats of all kinds, prepared or preserved, not specially provided for in this act, twenty-five per centum ad valorem.

278. Poultry, live, three cents per pound; dressed, five cents per pound.

ACT OF 1909.

286. Meats of all kinds, prepared or preserved, not specially provided for in this section, twenty-five per centum ad valorem.

289. Poultry, live, three cents per pound; dead, five cents per pound.

ACT OF 1913.

229. Poultry, live, 1 cent per pound; dead, or prepared in any manner, including the weight of the immediate coverings or containers, 2 cents per pound.

545. (Free list.) Meats: Fresh beef, veal, mutton, lamb, and pork; bacon and hams; meats of all kinds, prepared or preserved, not specially provided for in this section: * * *.

It may be repeated that the present merchandise was assessed with duty as "poultry, prepared in any manner" under paragraph 229, and is claimed to be free of duty under the provision for "meats of all kinds, prepared or preserved, not specially provided for" under paragraph 545, tariff act of 1913.

The importer contends that the name "poultry" applies only to fowls which are alive, or if dead are yet whole or nearly whole; and that the terms "poultry, prepared in any manner" can not properly apply to pâté de foie gras since that article is made of only part of

the fowl. The importer also contends that under the tariff acts of 1894, 1897, and 1909 pâté de foie gras was held in repeated decisions of the board and the courts to be dutiable as prepared or preserved meat, and that this fact should be given great, if not controlling, effect in the present case, since the provision for prepared or preserved meat is reenacted in the tariff act of 1913.

The Government, on the other hand, contends that pâté de foie gras answers both to the description of "poultry, prepared in any manner" and to that of "meats of all kinds, prepared or preserved," and that the poultry provision is the more specific and should therefore control the present assessment. The Government concedes that under the tariff acts of 1894, 1897, and 1909 pâté de foie gras was held to be dutiable as prepared or preserved meats, but contends that the poultry paragraphs in those acts provided only for "poultry, dressed" or "poultry, dead," and that in the act of 1913 Congress amended the paragraph by adding the clause, "or prepared in any manner" with the evident purpose and effect of bringing such articles as the present within the purview of the paragraph.

In coming to consider these respective claims we may say at once that the provision for "poultry, prepared in any manner" is more specific than that for "meats of all kinds, prepared or preserved, not specially provided for in this section." The term "poultry" is a more limited term than "meats of all kinds," and this fact is accentuated by the presence of the n. s. p. f. clause in the meat provision and not in the poultry provision. Therefore we conclude that if the merchandise answers directly to both descriptions the present assessment should be sustained.

In respect to the tariff status of pâté de foie gras under the tariff acts of 1894, 1897, and 1909 an examination of the decisions discloses the fact that the article was uniformly held to be dutiable under the meat provisions of those acts rather than under their poultry provisions. The effect of those decisions, however, is modified by the fact that the poultry provision in those acts was limited to poultry, "dressed" or poultry, "dead," whereas the present paragraph in addition to retaining the description of "poultry, dead" adds thereto the clause " or prepared in any manner."

The final question therefore in the present case is whether the addition of the words "or prepared in any manner" to the poultry paragraph shall be given the effect of bringing within the paragraph articles like the present ones, which are composed only of prepared parts of fowls and not of whole or nearly whole fowls.

Under the tariff act of 1897 this court decided the case of Kwong Yuen Shing v. United States (1 Ct. Cust. Appls. 16; T. D. 30774) and held therein that the flesh of ducks either as a whole or in pieces, salted, dried, packed in tins, and in some instances packed in peanut

oil, was dutiable as prepared or preserved meat under paragraph 275 of the act, rather than as poultry, "dressed" under paragraph 278.

In Notes on Tariff Revision, 1913 (pp. 80, 81), this decision was called to the attention of Congress in the following language:

The provision for venison and other game is the only one in the corresponding paragraph of the present law retained, the other meats having been transferred to the free list. There is a new provision for game birds, dressed. In connection with these changes attention is invited to the fact that while this paragraph levies a duty on venison and game birds, and paragraph 234 levies a duty on dead poultry, nevertheless, these same articles, if prepared or preserved, would apparently be free of duty under paragraph 548 of the free list for "meats of all kinds, prepared or preserved." In a decision made under the act of 1897 the meat of ducks, salted, dried, and packed in tins was held not to be dutiable under a provision for dressed poultry, but to be properly classifiable under a provision for meats prepared or preserved. Kwong Yuen Shing *v.* United States (1 Ct. Cust. Appls., 16; T. D. 30774)).

Thereupon, after a discussion of the subject, Congress amended the poultry paragraph by adding thereto the clause above set out, and it must be granted that Congress certainly intended that the amending clause should be given some force and effect by way of enlarging the scope and application of the poultry provision. It also seems to be clear that the Government's construction would give force and effect to the amendment, whereas the contention of the importer would deny the new clause any force or effect whatever. The poultry paragraph without the added provision had already included all possible forms of whole or nearly whole fowls, and the importer's construction would make the amended provision include no more than that. So far as appears it had never been denied that the description "poultry, dead" would include all whole fowls which were dead, whatever their condition of preparation otherwise might be. But according to the decision of this court in the Kwong Yuen Shing case, which was specially brought to the legislative attention, the paragraph as it stood in 1897 did not cover the prepared meat of fowls packed either as a whole or in pieces in tins. It was also implied that this might be true of the act of 1909. And it thus appeared that if the poultry provision of the act of 1913 were not enlarged by amendment, such prepared products as those described in the Kwong Yuen Shing case might go into the free list of the act, which was already partly agreed upon, as prepared or preserved meats. In obvious response to this warning Congress amended the provision by adding to the paragraph the words "or prepared in any manner, including the weight of the immediate coverings or containers." These words were evidently intended to enlarge the poultry provision so as to bring within its purview the prepared meat of fowls as meat only, whether as a whole or in pieces, without requiring that the fowls should be preserved therein according to their identity

as individuals. It seems clear therefore that Congress intended by the amendment to include within the paragraph such goods as those now before the court. And this conclusion seems to be reasonable within itself, because it can hardly be believed that Congress intended in the act of 1913 to levy a duty upon live and dead fowls if whole, but to admit free of duty the more expensively prepared products thereof in tins.

It may be conceded that the word "poultry" standing alone signifies whole fowls, and it may even be said that the word taken alone properly signifies only live fowls. It will be observed that in the tariff act of 1894 the word was used by Congress in that sense, the provision being for "poultry, two cents per pound; dressed, three cents per pound." It does no violence to the term, however, to use it with modifying words or clauses so as to cover fowls or the meat of fowls in any form.

It has been held in repeated cases that a tariff provision for articles of food "prepared or preserved" does not necessarily imply that the articles thus described shall retain their original form and separate identity when so prepared or preserved.

In the case of Bogle v. Magone (152 U. S., 623) the Supreme Court held that anchovy paste and bloater paste made of anchovies or bloaters ground up fine and spiced, used as food or as an appetizer in sandwiches or with a cracker, and not used as a condiment, nor known in trade and commerce as sauces, might be found by a jury to come within the description of "fish, prepared or preserved" and not within the description of "sauces of all kinds" in the tariff act of 1883.

In the case of Vitelli & Son v. United States (4 Ct. Cust. Appls., 75; T. D. 33313) this court held that tomato paste, which was made from ripe tomatoes by crushing the same and allowing them to evaporate, then pressing them through a metal sieve which catches the seeds and skins but allows the juice and some of the pulp to pass through, then straining and boiling the same to a given density, the product then packed in tins to be used for food or in making sauces, is dutiable as a "prepared vegetable" under paragraph 252, tariff act of 1909.

In the recent case of Stein, Hirsch & Co. v. United States (6 Ct. Cust. Appls., 154; T. D. 35397) it was held by this court that potatoes which were first sliced, then thoroughly desiccated by processing, and then ground to a fine flour to be used in making bread or for other culinary purposes, were "potatoes, prepared" under paragraph 581, tariff act of 1913.

It should be noted that the statutory provision now under review is a very comprehensive one. The provision is not simply for "poultry, prepared," but for "poultry, prepared *in any manner.*" The

subsequent term in the provision imposing the same duty by weight upon the coverings or containers of the articles evidently refers to such tins as were mentioned in the Kwong Yuen Shing case, *supra*, which contained the prepared meat of fowls "either as a whole or in pieces." The court therefore holds that the provision in question for poultry prepared in any manner covers the present article.

The decision of the board is therefore reversed and the assessment of duty made by the collector is sustained.

*Reversed.*