## UNITED STATES *v.* SWIFT & CO. (No. 2622)[1]

LIVER—BEEF—VEAL—MEAT.

Beef and calf livers are not beef and veal under paragraph 701, Tariff Act of 1922; but liver is meat, and they are classifiable under paragraph 706 as meats not specially provided for.

United States Court of Customs Appeals, February 25, 1926

APPEAL from Board of United States General Appraisers, G. A. 8980 (T. D. 40381)

[Affirmed.]

*William W. Hoppin* and *Charles D. Lawrence,* Assistant Attorneys General (*John A. Kemp,* special attorney, of counsel), for the United States.
*Curtis E. Loehle* for appellees.

[1] T. D. 41428.

[Oral argument December 17, 1925, by Mr. Lawrence and Mr. Loehle]

Before Graham, Presiding Judge, and Smith, Barber, Bland, and Hatfield, Associate Judges

Barber, Judge, delivered the opinion of the court:

This appeal by the Government relates to the classification of beef and calf livers under the Tariff Act of 1922. No evidence was taken before the Board of General Appraisers. Two protests are involved. The collector's return describes the merchandise covered by one protest as fresh beef and calf livers; by the other as fresh beef livers.

The Board of General Appraisers found that these livers were frozen. They are so referred to by counsel upon both sides and we dispose of the case upon the theory that, as imported, these livers were in a frozen condition.

The collector classified them under paragraph 701 of the act which provides for—

Cattle, * * *; fresh beef and veal * * *; tallow * * *; oleo oil and oleo stearin, * * *.

The importer's protests claimed classification under paragraph 1459 as a raw, unmanufactured article not enumerated, and in the alternative under paragraph 706 which provides for—

Meats, fresh, prepared, or preserved, not specially provided for.

The Board of General Appraisers overruled the protests so far as paragraph 1459 was concerned because it was of opinion that the merchandise was more specifically provided for elsewhere. From this part of its decision importer took no appeal.

In its opinion the board among other things said:

We do not think Congress had in mind the classification of liver with beef and veal when the law of 1922 was passed. As a matter of fact liver is not described by those terms in trade generally. An order for veal or beef would not be filled by a delivery of liver, nor vice versa. The common acceptation of the term "meat" is that part of the animal tissue of certain animals which is used for human food, among which liver is properly classified—

and held that these livers should have been classified under paragraph 706.

There is no *eo nomine* provision for liver in the act and it is obvious that the only question here is one of law.

The Government claims that these livers are what are known as "meats" in the common understanding; that being the meat of animals of the bovine species, they are specifically within the provisions for beef and veal in the common acceptation of these words.

It may be noted that the act of 1922, besides the provisions in paragraph 701 and paragraph 706 as above quoted, provides also in 702 for fresh mutton and goat meat and fresh lamb; in paragraph 703 for swine, fresh pork, bacon, hams, shoulders, other pork, lard and

lard compounds; in 704 for reindeer meat, venison and other game, except birds, and in 705 for extract of meat.

It is somewhat significant that in paragraph 703 special mention was made of the various pork products and that in paragraph 701 other substances found in bovine carcasses are *eo nomine* referred to. This fact and the arrangement of the paragraphs justifies the conclusion that the provisions in paragraph 706 were intended to cover some meats of the general kinds named, but which were not designed to be included within the preceding paragraphs. With this preliminary observation we proceed to inquire whether livers of the mature bovine species and of calves, are commonly regarded as beef or veal.

In Webster's New Standard Dictionary one of the definitions of beef is—

The flesh of an ox or cow, or any adult bovine animal, when slaughtered for food.

Veal is defined as—

The flesh of a calf used for food.

Under flesh we find the following:

Flesh in its broadest sense, the soft parts of the body of man or of an animal * * * usually excluding the integument. Commonly however, flesh is used of those parts composed chiefly of muscle, and hence excludes most of the viscera contained in the cavities of the body. When used or prepared for use as food it is commonly termed "meat."

Viscera is defined to be "the internal organs, especially those of the cavities of the body or trunk, as the heart, liver, intestines, etc.

We think the common understanding of the words beef or veal is in agreement with Webster's definitions, which results in the conclusion that, as those words are ordinarily used, beef and veal do not include the liver of bovine animals.

The same authority after defining meat as food in general illustrates one of its meanings as "the edible part of anything, as, the meat of a lobster."

So far as we are able to discover, it has not occurred to any lexicographer to suggest that livers are beef or veal in the common understanding.

We think, as did the board that, in common parlance, livers are not regarded as either beef or veal, and that Congress could not have intended them to be so classified for tariff purposes. Meat, however, has a signification broad enough to include the livers in this case.

This view finds confirmation in the fact that in T. D. 15156, G. A. 2682, the Board of General Appraisers construing paragraph 312 of the tariff act of 1890, which provided for meats of all kinds, prepared or preserved, not specially provided for, in competition with paragraph 315, which contained a provision for dressed poultry, held that fresh

goose livers packed in goose fat were dutiable as meats preserved under the former paragraph, and in T. D. 14708, G. A. 2430, held that sausages composed of liver of certain kinds of game combined with truffles were dutiable under the same paragraph of the same act, instead of as Bologna sausages under paragraph 509 thereof.

By the first-mentioned decision Congress presumably, was made aware that goose livers were not dressed poultry. If such livers are not dressed poultry, those here are not beef or veal. If this classification had not the approval of Congress it would naturally be expected that in some way its disapproval would have been subsequently indicated, which does not appear to have been done.

It is well known that other glands of animals besides the livers, such as sweetbreads and kidneys, are articles of food concerning which no *eo nomine* provision seems to have been made.

We do not overlook the fact that Congress in other paragraphs of the act has distinguished between fish fresh, and fish frozen, but no such distinction appears to have been made between meats fresh, and meats frozen.

It is our opinion that these livers are within the provision for meats, fresh, in paragraph 706 and it is, therefore, unnecessary to consider a further claim of the Government that they be classified by similitude to beef or veal.

The judgment of the Board of General Appraisers is *affirmed.*