Stone & Downer Co. *v.* United States (No. 3136)[1]

United States Court of Customs and Patent Appeals, April 2, 1929

*Comstock & Washburn (George J. Puckhafer* of counsel) for appellant.

*Charles D. Lawrence,* Assistant Attorney General (*Marcus Higginbotham,* special attorney, of counsel), for the United States.

[Oral argument December 14, 1928, by Mr. Puckhafer and Mr. Lawrence]

Before Graham, Presiding Judge, and Bland and Hatfield, Associate Judges

Hatfield, Judge, delivered the opinion of the court:

This is an appeal from a judgment of the United States Customs Court.

Merchandise, consisting of fresh dates, pitted, was assessed for duty by the collector as dates prepared or preserved in any manner at 35 per centum ad valorem under paragraph 741 of the Tariff Act of 1922.

The importer claimed that the merchandise was dutiable at 1 cent per pound as "dates, fresh or dried," under the first provision in paragraph 741.

Par. 741. Dates, fresh or dried, 1 cent per pound; prepared or preserved in any manner, 35 per centum ad valorem.

---

[1] T. D. 43323.

Two protests were involved in the appeal.

It appears from the record that "the dates are pitted by pushing the thumb through one end of the dates and forcing the pits out"; that some, in the language of the witness, are practically "pitted when they fall to the ground" from the trees; that they are packed in 60-pound cases, net, and are imported and "sold for grinding purposes"; and that pitted dates have a higher market value than dates, unpitted. In this connection the witness Carl J. Braun, testifying for the importer, said:

Q. You make no allowance for the pits in selling by the pound?—A. Yes; there is a difference in price.

Q. What percentage of difference in price is there between the date with the pit in and the pitted date?—A. The percentage is approximately even to the weight of the pit.

Q. Well, what is it; take 100 pounds?—A. Approximately 10 per cent.

Q. Ten per cent?—A. Approximately. I would not go on record as to the definite percentage.

There is no evidence that the dates are dried. One witness said that they were only partly dried, while counsel for the importer, on the trial below, described them in the following language:

Mr. ARMSTRONG. Yes; dates in their natural state except the pits had been removed, and the invoices read pitted dates, and they were entered as pitted dates under paragraph 741 of the Tariff Act of 1922.

The evidence shows that they have not been preserved in any manner. The sole question before the court, therefore, is: Does the process of "pitting" take the dates out of the provision for "Dates, fresh * * * 1 cent per pound," and bring them within the provision for dates "prepared or preserved in any manner"?

The court below held that the dates were advanced in condition by the removal of the pits, and were, therefore, "prepared."

It is claimed by counsel for appellant that the provision in paragraph 741 for prepared and preserved dates was intended by the Congress to be limited to "candied, glacéd, and preserved dates"; and that "pitting" is not a process of preparation.

Counsel for the Government argue that, as the pitting of the dates has advanced them in condition for their intended use, and, as they are more valuable than "unpitted" dates, they have been "prepared" within the statutory meaning of that term.

It is true, as argued by counsel for appellant, that when the bill H. R. 7456 passed the House of Representatives, paragraph 741 provided for "Figs, fresh or dried, 2 cents per pound; prepared or preserved in any manner, 20 per centum ad valorem; *dates, 1 cent per pound,*" and that it was amended in the Senate and enacted by the Congress in its amended form. (Italics ours.) In discussing the paragraph on the floor of the Senate, the chairman of the Finance

Committee, Senator McCumber, referred, generally, to "dates, fresh or dried," and to "glacéd or candied fruits." However, he made no reference to dates *prepared* by "pitting," grinding, or other process.

The word "prepared," in a tariff sense, means, ordinarily, that a commodity has been so processed as to be advanced in condition and made more valuable for its intended use. *United States v. Conkey & Co.*, 12 Ct. Cust. Appls. 552, T. D. 40783.

The involved merchandise was imported to be sold for grinding purposes. All dates are not so used. Whether this is a major or a minor use does not appear. Generally "grinding" is a process of preparation. *United States v. Conkey & Co., supra.* If the provision for dates "prepared or preserved in any manner" was intended by the Congress to be limited to "glacéd and candied fruits," as argued by counsel for appellant, then dates ground into the form of meal or flour would be excluded from the provision. See *Stein, Hirsch & Co. et al. v. United States*, 6 Ct. Cust. Appls. 154, T. D. 35397, where it was held that "potato flour," obtained by reducing potatoes to that form by a process of drying and grinding, was dutiable as potatoes "prepared" under paragraph 581, Tariff Act of 1913. If the Congress intended that the construction insisted upon by counsel for appellant should be placed upon paragraph 741, we feel confident that it would have used language consistent with such purpose. Of course, "pitted dates" are still dates. However, if the "pitting" process advances them in value and condition for their ultimate use, they are "prepared in any manner." This is not the pronouncement of a new principle. See *United States v. Weber*, 6 Ct. Cust. Appls. 234, T. D. 35469.

It has been conceded by the witness Carl J. Braun, testifying for appellant, that the involved dates are to be used for "grinding purposes," and that pitted dates are more valuable for such purposes than dates unpitted. We conclude, therefore, that the dates have been "prepared * * * in any manner," and that they are dutiable as assessed by the collector.

For the reasons stated the judgment is *affirmed.*