NEUMAN & SCHWIERS CO. (INC.) *v.* UNITED STATES (No. 3486) [1]

United States Court of Customs and Patent Appeals, February 29, 1932

*Barnes, Richardson & Halstead* (*Samuel M. Richardson* and *Joseph Schwartz* of counsel) for appellant.

*Charles D. Lawrence,* Assistant Attorney General (*William Whynman* and *Ralph Folks,* special attorneys, of counsel), for the United States.

[Oral argument February 10, 1932, by Mr. Schwartz and Mr. Folks]

Before GRAHAM, Presiding Judge, and BLAND, HATFIELD, GARRETT, and LENROOT, Associate Judges

GARRETT, Judge, delivered the opinion of the court:

The merchandise here involved appears to be commonly known as liver paste.

It was classified by the collector as "meats, prepared, not specially provided for," under paragraph 706 of the Tariff Act of 1922, duty being assessed at 20 per centum ad valorem.

Importer made protest, claiming the merchandise to be properly dutiable at 2 cents per pound as "other pork, prepared or preserved," under paragraph 703 of said act.

---

[1] T. D. 45511.

The pertinent portions of the competing paragraphs are:

PAR. 706. Meats, fresh, prepared, or preserved, not specially provided for, 20 per centum ad valorem: * * *.

PAR. 703. Swine, one-half of 1 per cent per pound; fresh pork, three-fourths of 1 cent per pound; bacon, hams, and shoulders, and other pork, prepared or preserved, 2 cents per pound; lard, 1 cent per pound; lard compounds and lard substitutes, 4 cents per pound.

The United States Customs Court overruled the protest, whereupon the instant appeal was taken.

By order of the court below, made with the concurrence of counsel for the respective parties, there was an analysis of a representative sample of the merchandise by a Government chemist, which disclosed its composition to be—

|  | Per cent |
|---|---|
| Fat | 45. 5 |
| Salt | 1. 6 |
| Liver, meat, and small amount of spices | 52. 9 |

The chemist's report further states—

It contains no starch or vegetables. The fat is pork fat.

It is impracticable to determine the proportions of meat and liver, but, judging from the appearance under the microscope, there is more liver than meat.

It may be stated that there is agreement between the parties that the liver is from swine; also, that the case has been presented throughout, and is here presented, upon the theory that the liver content controls the classification. No proof was presented as to what kind of meat (that is, whether it was from swine or some other animal) was embraced in the 52.9 per centum "Liver, meat, and small amount of spices" content.

It was the opinion of the collector and of the Customs Court that classification of the merchandise is controlled by the decision of this court, affirming the court below, in the case of *United States* v. *Swift & Co.*, 13 Ct. Cust. Appls. 542, T. D. 41428, wherein it was held, for the reasons there given, that fresh or frozen beef livers and calf livers are properly classifiable under the language "Meats, fresh, prepared, or preserved, not specially provided for," of paragraph 706, *supra*, rather than as "fresh beef and veal," under paragraph 701 of said Tariff Act of 1922, the latter having been the collector's classification in that case.

It is the insistence of appellant that, by reason of the nature of the involved merchandise, it being pork-liver paste, it is distinguishable from the whole livers involved in the *Swift & Co.* case, *supra*, and that its classification is more properly controlled by the reasoning and rule announced by this court in *United States* v. *Weber*, 6 Ct. Cust. Appls. 234, T. D. 35469, taken in connection with the legislative history of the adoption of paragraph 703, *supra*, in its present form, and certain cited decisions by the court below in other cases.

In the *Weber* case, *supra*, which was a proceeding under the Tariff Act of 1913, this court, after quoting from various previous tariff acts, held that pâté de foie gras, a preparation composed chiefly of goose livers, was more specifically covered by a provision in paragraph 229 of said act of 1913 for "poultry, prepared in any manner," than by the provision of paragraph 545 of said act for "meats of all kinds, prepared or preserved, not specially provided for."

It appears from the opinion in that case that the merchandise there at issue under the tariff acts of 1894, 1897, and 1909, had been regularly classified as prepared or preserved meats, but that those acts provided only for "poultry, dressed," or "poultry, dead," while in the act of 1913 the language of the poultry paragraph was changed by having added thereto the clause "or prepared in any manner," and it was held that the addition of this clause drew the merchandise within the terms of the paragraph, although composed only "of prepared parts of fowls. and not of whole fowls."

In other words, a change in classification was held to result from a change in the language of the law.

Appellant here argues that the provision in paragraph 703, *supra*, for "other pork, prepared or preserved," is new in the Tariff Act of 1922; that, until the Tariff Act of 1922, pork prepared or preserved had not been segregated from meats; that, as the bill, which became the Tariff Act of 1922, passed the House of Representatives, it contained a provision for "bacon, hams, and shoulders, of pork, prepared or preserved," and for no other pork products within such provision, but that, in the Senate, the language was changed to read "bacon, hams, and shoulders, and other pork, prepared or preserved"; that this change obviously imported an intention to include—

all swine products in addition to bacon, hams, and shoulders, which otherwise would have fallen into the class of meats, prepared, or preserved,

and that this is further confirmed by statements in the Summary of Tariff Information, 1921, which appellant quotes.

Appellant also directs attention to the fact that in paragraph 703 of the Tariff Act of 1922 provision was made for articles which had been in three separate paragraphs of the 1913 act, to wit, swine (paragraph 619), bacon and hams (paragraph 545), and lard, lard compounds, and lard substitutes (paragraph 528). From this it is argued that Congress, by the language used in the act of 1922, evidenced a purpose to include all swine products in paragraph 703 thereof, and that pork liver, being a swine product, falls therein more specifically than in the designation of "meats, * * * prepared, * * * not specially provided for," of paragraph 706, in the light of the rule stated in the *Weber* case, *supra*, as to goose livers being more specifically "poultry prepared in any manner" than "meats of all kinds," etc.

This argument is quite plausible, but it seems to be met by the fact that in the *Swift & Co.* case, *supra*, this court, in effect, held that, for tariff purposes, fresh beef liver and calf liver are not beef and veal but are meat. After quoting there certain definitions of "beef," "veal," and "flesh," this court said—

We think the common understanding of the words beef or veal is in agreement with Webster's definitions, which results in the conclusion that, as those words are ordinarily used, beef and veal do not include the liver of bovine animals.

It seems to be obvious that if the whole livers there involved are not beef or veal, then they would not become so by being prepared as paste, and, on the other hand, if they were meat while in the fresh or frozen condition as imported, they would become "prepared" meat when put in the form of liver paste.

That case, of course, dealt with whole livers of bovine animals while the case at bar involves liver paste made from the livers of swine. But we find no language which would lead to the conclusion that if we had before us whole swine livers similar in condition to the bovine livers there involved any classification different from the classification of the bovine livers would be justifiable or proper.

If fresh or frozen beef livers are not beef, then how could fresh or frozen swine livers be pork? And if fresh swine livers be not pork, how could they become pork by being made into paste?

In the light of the *Swift & Co.* case, *supra*, we are unable to agree that by using the words "other pork, prepared or preserved," it was intended by Congress to bring swine livers within the language of paragraph 703. We think it obvious that if the liver paste here involved were made from the livers of bovine animals it would, under the rule announced in said case, be classifiable under paragraph 706, and nothing is found in the Tariff Act of 1922, nor in the definitions appertaining to "swine," "pork," "liver," and "meat" which induces the belief that pork liver, whether fresh or prepared, was intended to have any classification, for tariff purposes, different from beef livers or calf livers.

In the *Swift & Co.* case, *supra*, it was pointed out that paragraph 703 makes special mention of the various pork products, and that in paragraph 701 other substances found in bovine carcasses are *eo nomine* referred to, and this court then said—

* * * This fact and the arrangement of the paragraphs justifies the conclusion that the provisions in paragraph 706 were intended to *cover some meats of the general kinds named, but which were not designed to be included within the preceding paragraphs.* * * * (Italics new here.)

In the *Weber* case, *supra*, the goose livers involved were held to be more specifically "poultry, prepared in any manner," than "meats of all kinds, prepared or preserved, not specially provided for,"

because "poultry" is a more limited term than "meats of all kinds," and it was there said—

\* \* \* we conclude that if the merchandise answers directly to both descriptions the present assessment [as poultry, prepared in any manner] should be sustained.

It may properly be added here that one definition of "meat," given by Webster's New International Dictionary, is—

\* \* \* flesh, as distinguished from *fish* or *fowl.*.

For the reasons stated, the merchandise here at issue is not believed to answer to the description of "other pork prepared or preserved," but, under the authority cited, it does fall within the classification "meats of all kinds, prepared or preserved, not specially provided for."

Accordingly, we agree with the United States Customs Court that the issue is controlled, not by the *Weber* case, *supra*, but by the *Swift & Co.* case, *supra*, and its judgment is *affirmed*.