## SWIFT & Co. *v.* UNITED STATES [1]

### United States Customs Court, Third Division

(Decided June 30, 1938)

*Curtis E. Loehle* for the plaintiffs.

*Charles D. Lawrence*, Acting Assistant Attorney General (*William J. Vitale*, special attorney), for the defendant.

Before CLINE, EVANS, and KEEFE, Judges; CLINE, J., not participating

EVANS, Judge: In this action against the United States the plaintiffs seek to recover money paid as customs duties upon an importation of frozen pork tails. The collector of customs at the port of entry

---

[1] C. D. 4.

assessed duty thereon as frozen meat, not specially provided for, under the provisions of paragraph 706 of the Tariff Act of 1930 at the rate of 6 cents per pound. Plaintiffs claim that duty should have been assessed at 2½ cents per pound under paragraph 703 of the same act, the rate applicable to frozen pork.

The pertinent portions of the paragraphs in question are as follows:

PAR. 706. Meats, * * * frozen, * * * not specially provided for, 6 cents per pound, but not less than 20 per centum ad valorem.

PAR. 703. * * *; pork, * * * frozen, 2½ cents per pound * * *.

Only one witness was produced. He appeared on behalf of the plaintiffs. His testimony was to the effect that he has been engaged in buying and selling miscellaneous meat products including pork livers, pork tails, pork kidneys, ox tails, beef cheeks, and a number of others, for over eleven years; that these pork tails are sold to retailers, who in turn sell them "for edible consumption." On cross-examination he stated that they are always labeled "pork tails," under the regulations promulgated by the Department of Agriculture, and never "pork"; that there are so many pork products they would have to specify "pork tails" to distinguish them from ox tails or some other kind of tails.

The Government attorney in the brief filed on behalf of the defendant cites as supporting the collector's classification the case of *Swift & Co.* v. *United States*, T. D. 40831, G. A. 8980, 47 Treas. Dec. 466, affirmed in 13 Ct. Cust. Appls. 542, T. D. 41428, wherein it was held that beef and calves' livers were more specifically provided for as fresh meat in paragraph 706 of the Tariff Act of 1922, than as fresh beef and veal under paragraph 701 of the same law. We think the instant case is distinguishable from that case in that here the commodity involved, pork tails, is a part of the carcass of the pig, whereas the liver involved in the *Swift* case, *supra*, was not a part of the carcass.

The word "pork" is defined in Webster's New International Dictionary as:

*Pork.* n. 1. The flesh of swine, fresh or salted, used for food.

That same authority gives as the meaning for "flesh":

*Flesh.* n. 1. In its broadest sense, the soft parts of the body of man or of an animal, * * * usually excluding the integument. Commonly, however, *flesh* is used of those parts composed chiefly of muscle, and hence excludes most of the viscera contained in the cavities of the body.

Viscera is defined as:

The internal organs, esp. those of the cavities of the body or trunk, as the heart, liver, intestines, etc.

The same authority gives as the definition for meat:

The flesh of animals used as food.

In the *Swift & Co.* case, *supra*, this court in its opinion stated:

The common acceptation of the term "meat" is that part of the animal tissue of certain animals which is used for human food, among which liver is properly classified.

In our opinion these pork tails are "pork" and as such are specially provided for in paragraph 703, *supra*. Being specially provided for, they are excluded from the general provision for "meat" in paragraph 706, *supra*. We therefore sustain plaintiffs' claim that the commodity is properly dutiable at 2½ cents per pound under paragraph 703, *supra*, as frozen pork.

Judgment will be rendered accordingly. It is so ordered.