(C. D. 677)

W. H. WICKERSHAM & Co. *v*. UNITED STATES

United States Customs Court, First Division

(Decided September 2, 1942)

*Harper & Harper* (*Abraham Gottfried* of counsel) for the plaintiffs.
*Paul P. Rao*, Assistant Attorney General (*Frank X. O'Donnell, Jr.*, special attorney), for the defendant.

Before WALKER and DALLINGER, Judges

DALLINGER, Judge: These are suits against the United States, arising at the port of Los Angeles, brought to recover certain customs duties alleged to have been improperly exacted on particular importations consisting of fish-liver oil. Duty was levied thereon at the rate of 10 per centum ad valorem under paragraph 34 of the Tariff Act of 1930 as drugs of animal origin. There was also imposed thereon a tax at a rate of 3 cents per pound under section 601 (c) of the Revenue Act of 1932, as thus amended by the Revenue Act of 1934 (48 Stat., p. 762):

## SEC. 602. TAX ON CERTAIN OILS.

Section 601 (c) of the Revenue Act of 1932 is amended by adding at the end thereof a new paragraph as follows:

(8) Whale oil (except sperm oil), fish oil (except cod oil, cod-liver oil, and halibut-liver oil), marine animal oil, and any combination or mixture containing a substantial quantity of any one or more of such oils, 3 cents per pound. The tax on the articles described in this paragraph shall apply only with respect to the importation of such articles after the date of the enactment of the Revenue Act of 1934, and shall not be subject to the provisions of subsection (b) (4) of this section (prohibiting drawback) or section 629 (relating to expiration of taxes).

It is claimed that said merchandise is properly entitled to free entry under paragraph 1669 of said tariff act as a crude drug, and not subject to said revenue tax on the ground that fish-liver oil is not properly taxable under the provision for fish oil.

At the hearing in this case held at Los Angeles on December 4, 1941, counsel for the plaintiffs submitted the cases without evidence, citing in support of its claim that fish-liver oil is not fish oil within the meaning of said section 601 (c) as amended, the cases of *Neuman & Schwiers Co. (Inc.)* v. *United States*, 19 C. C. P. A. 375, T. D. 45511; *United States* v. *Swift & Co.*, 13 Ct. Cust. Appls. 542, T. D. 41428; and *United States* v. *Wilfred Schade & Co.*, 16 Ct. Cust. Appls. 366, T. D. 43092.

In the first of said cases the appellate court merely held certain pork-liver paste to be properly classifiable under the provision in paragraph 706 of the Tariff Act of 1922 for "meats, * * * prepared, or preserved, not specially provided for," rather than under the provision in paragraph 703 of said act for "other pork, prepared or preserved."

In the second of the cited cases it was held that certain beef and calf livers were not beef and veal within the meaning of paragraph 701 of the Tariff Act of 1922, but were classifiable under paragraph 706 of said act as meats not specially provided for.

And in *United States* v. *Wilfred Schade & Co., supra*, certain cod-liver oil-cake meal was held to be properly dutiable under the provision for nonenumerated manufactured articles not specially provided for in paragraph 1459 of the Tariff Act of 1922, rather than free of duty as "fish imported to be used for purposes other than human consumption," or as "oil-cake meal," or as "cod" under paragraphs 1575, 1629, and 1630, respectively. In that case the court said:

We have heretofore held that "cod-liver oil-cake meal" is not fish. Obviously, if it is not fish, it is not codfish.

In our opinion, none of the cited cases has any application to the facts in the instant case.

The question at issue herein is not whether fish livers are classifiable as fish, but whether fish-liver oil is fish oil or not.

In this connection the common definition of the term "fish oil" clearly includes fish-liver oil. Funk & Wagnalls Standard Dictionary states as follows:

*fish oil*, n. Oil obtained from fish or marine mammals; specif. cod-liver oil.

and in Webster's New International Dictionary occurs this definition:

*fish oil.* Oil obtained from the bodies of fishes and marine mammals, as whales, seals, sharks, from cods' livers, etc.

This common and ordinary understanding and meaning of the term "fish oil" is affirmed by the language of said section 601 (c) (8) of the Revenue Act of 1932 which expressly excepts from the operation thereof "cod oil, cod-liver oil, and halibut-liver oil." Inasmuch as there is no evidence that the instant merchandise is any of the excepted oils, it must be deemed to be fish oil, as classified by the collector.

Finally, in the case of *J. A. Horsey & Son* v. *United States*, T. D. 23720—G. A. 5136, 5 Treas. Dec. 391, this court (then the Board of General Appraisers) expressly held that the provision for fish oils in paragraph 42 of the Tariff Act of 1897 was not limited to such oils as were made from the entire fish, but included cod oil derived from cod-fish livers. In that decision it was said:

The theory of the claim of the importers is that the phrase "fish oils" as used in paragraph 42 relates only to such oils as are made from the entire fish, and not to such as are made from specific portions of the fish, like the cod oil in question, which is made from codfish livers.

The same question was before the Board in the case of *In re Wells* (G. A. 4273), where this contention was overruled and it was decided that the merchandise is dutiable as a fish oil under paragraph 42. Subsequently on appeal the same conclusion was reached by the circuit court for the southern district of New York, and by the circuit court of appeals, second circuit, in *Swan & Finch Company* v. *United States* (109 Fed. Rep., 949; C. C. A., 113 id., 243). In the opinion filed by the latter court, by Lacombe, J., it was said:

  *   *   *   *   *   *   *

Now, it seems quite clear that the Congress used the words "fish oils" in the sense in which they are used in common speech. Paragraph 42 provides for "seal, herring, whale, and other fish oils." Evidently these words are not used with technical precision, for neither the seal nor the whale is a fish, and therefore oil made from them, or from any part of them, is not technically fish oil. Nor are the words used with a close appreciation of commercial distinction; for, if the evidence in this case be held sufficient to establish the proposition that cod oil is not known to the trade as a "fish oil," it is equally sufficient to establish the proposition that neither seal oil nor whale oil is fish oil in trade; but Congress understood at least whale oil to be a fish oil, and therefore used the phrase "seal, herring, whale, and other fish oil."

Upon all the facts and the law it follows that the claims of the plaintiffs must be and they hereby are overruled and the decision of the collector is affirmed.

Judgment will be rendered accordingly.