(C.D. 2387)

F. W. MYERS & Co., INC. *v.* UNITED STATES

United States Customs Court, Third Division

(Decided March 13, 1963)

*Barnes, Richardson & Colburn* (*Joseph Schwartz* of counsel) for the plaintiff.
*John W. Douglas*, Acting Assistant Attorney General (*Samuel D. Spector* and *Morris Braverman*, trial attorneys), for the defendant.

Before JOHNSON, DONLON, and RICHARDSON, Judges

DONLON, Judge: The issue here litigated is whether hog stomachs are more properly to be classified under paragraph 703, as modified, either as "pork, fresh, chilled, or frozen," or as "* * * other pork, prepared or preserved * * *," rather than as meat, fresh or frozen, under paragraph 706, as modified, which is the provision under which the merchandise was assessed with duty. Certain alternative claims were made in the protest, including a claim for free entry under paragraph 1755 and lower duty classifications under either paragraph 706 or paragraph 1558. These alternative claims were neither pressed on trial nor argued in plaintiff's brief. They are deemed abandoned and will be dismissed.

There is no serious dispute as to the facts. There were two shipments. One was entered at Champlain, N.Y., on September 15, 1959, and the other at the same port on October 6, 1959. While the official papers were not introduced in evidence and the only clear identification of the merchandise appears to be by plaintiff's counsel in his opening statement (which obviously does not constitute evidence), defendant's brief described the merchandise as "frozen pig stomachs, exported from Canada on or about September 9, 1959, and October 3, 1959. It was described on the entry papers as scalded, frozen hog stomachs." (Defendant's brief, page 1.) Subject to any relevance there may be in a distinction between "pig" stomachs and "hog" stomachs, we deem such description of the merchandise to be conceded by counsel. Indeed, plaintiff's witness, Armand Belanger, under cross-examination by counsel for defendant, said he would not "object" to calling the merchandise pig's stomach. (R. 17.)

Before considering which of the two pork classifications claimed by plaintiff is appropriate to this merchandise, it is necessary first to decide whether these hog stomachs are pork, in the tariff sense, as plaintiff contends. If not, it is idle to consider between two claimed "pork" classifications.

In his argument in support of the contention that hogs' stomachs are pork, plaintiff's counsel relies on a single case, *Swift & Co.* v. *United States*, 1 Cust. Ct. 15, C.D. 4 (1938), and on a dictionary definition of the word "pork."

In the *Swift* case, this division held that pork tails are pork and, therefore, are included in the specific pork provision. The collector had classified the pork tails as meat. The court distinguished an earlier *Swift* case, in which beef livers and calves livers were held to be meat, rather than beef (*United States* v. *Swift & Co.*, 13 Ct. Cust. Appls. 542), the distinction being that pork tails are a part of the "carcass of the pig," whereas liver was not a part of the carcass.

In Webster's New International Dictionary, "carcass" is defined as—

* * * with butchers, the trunk of a slaughtered animal, after the hide, head, limbs, edible organs, and offal have been removed * * *.

The court found that the tail of the hog is a part of the carcass, as so defined. The stomach, like the liver, is not a part of the carcass.

The definitions cited by plaintiff are ones we may, and do, accept. They are from Webster's New International Dictionary, as follows:

pork, *n.* 1. The flesh of swine, fresh or salted, used for food * * *.

flesh, *n.* 1. In its broadest sense, the soft parts of the body of man or of an animal * * * usually excluding the integument. Commonly, however, *flesh* is used of those parts composed chiefly of muscle, and hence excludes most of the viscera contained in the cavities of the body.

It should be noted that, in the *Swift* case, *supra*, on which plaintiff relies, these same definitions were relied on by the court in reaching its judgment that hog tails are pork, although beef liver is not beef.

Viscera, as the court pointed out in the *Swift* case, includes the internal organs, especially those of the cavities of the body or trunk. The stomach is such an organ. Hence, the stomach is excluded from the definition of flesh.

Plaintiff appears to argue that an internal organ, otherwise excluded under the cited definition, is not to be excluded if it is composed chiefly of muscle. This argument we do not accept. The heart is a muscle organ, as much so as the stomach. Yet the definition on which plaintiff relies specifically cites the heart as typical of the organs not included in the definition of flesh.

Pork, in the tariff sense, is that part of the carcass which is flesh of the hog. It does not include the stomach.

The issue is not whether these hog stomachs are or are not meat. They are meat. *Neuman & Schwiers Co.* v. *United States*, 56 Treas. Dec. 313, T.D. 43617 (1929). The issue is whether this is meat which is more specifically described as pork.

We find that it is not specifically described as pork. *Neuman & Schwiers Co. (Inc.)* v. *United States*, 19 CCPA 375 (1932). The product in the *Neuman & Schwiers* case consisted of pork liver and some meat (whether of swine or some other animal was not shown), spices, salt, and fat, claimed dutiable as pork under paragraph 703, rather than as meat under paragraph 706. The importer argued that,

by inserting a provision for other pork, prepared or preserved, in paragraph 703 of the 1922 act, Congress intended to include all swine products in the scope of paragraph 703. Our court of appeals answered this contention as follows:

In the light of the *Swift & Co.* case, *supra* [13 Ct. Cust. Appls. 542], we are unable to agree that by using the words "other pork, prepared or preserved," it was intended by Congress to bring swine livers within the language of paragraph 703. We think it obvious that if the liver paste here involved were made from the livers of bovine animals it would, under the rule announced in said case, be classifiable under paragraph 706, and nothing is found in the Tariff Act of 1922, nor in the definitions appertaining to "swine," "pork," "liver," and "meat" which induces the belief that pork liver, whether fresh or prepared, was intended to have any classification, for tariff purposes, different from beef livers or calf livers.

In the *Swift & Co.* case, *supra*, it was pointed out that paragraph 703 makes special mention of the various pork products, and that in paragraph 701 other substances found in bovine carcasses are *eo nomine* referred to, and this court then said—

* * * This fact and the arrangement of the paragraphs justifies the conclusion that the provisions in paragraph 706 were intended to *cover some meats of the general kinds named, but which were not designed to be included within the preceding paragraphs.* * * * [Italics quoted.] [P. 378.]

In view of our decision that these hog stomachs are not within the tariff provisions for pork, it is unnecessary for us to weigh the evidence and the arguments which seek to identify it as one kind of pork or another.

The claims under paragraphs 1755, 706, and 1558, having been abandoned, are dismissed. The claims under paragraph 703 are overruled.

Judgment will enter for the defendant.