STEIN, HIRSCH & CO. *et al. v.* UNITED STATES (No. 1503).[1]

POTATO GROUND MEAL OR FLOUR.

This article is produced from potatoes only and contains the entire and chemically unaltered elements of which the constituent potatoes themselves were composed. It has not acquired a new name, use, or character, and serves such culinary purposes as potatoes themselves. It is potatoes, prepared, and falls within the provisions of paragraph 581, tariff act of 1913.

United States Court of Customs Appeals, May 3, 1915.

APPEAL from Board of United States General Appraisers, Abstract 37090 (T. D. 35020).

[Reversed.]

*Allan R. Brown* for appellants.

*Bert Hanson*, Assistant Attorney General (*John J. Mulvaney*, special attorney, on the brief), for the United States.

Before MONTGOMERY, SMITH, BARBER, DE VRIES, and MARTIN, Judges.

MARTIN, Judge, delivered the opinion of the court:

The present merchandise was imported under the tariff act of 1913. It was invoiced as "kartoffelwalzmehl," which is said by counsel to be a German word meaning "potato ground meal."

The appraiser reported that the article in question consisted of potato flour obtained by reducing entire potatoes with or without the skin to the state of flour by desiccating and grinding, the process involving the application of sufficient heat to materially modify the starch granules. The article was returned for duty as a nonenumerated manufactured article at 15 per cent ad valorem under paragraph 385, tariff act of 1913, in accordance with the department's instructions contained in T. D. 34236. Duty was assessed accordingly.

The importers protested against the assessment, claiming that the merchandise was entitled to free entry as desiccated or prepared potatoes under paragraph 581, act of 1913, or if dutiable at all that it was only dutiable at 10 per cent ad valorem under the retaliatory proviso of that paragraph. The protest also claimed a rebate of 5 per cent on any duties which should be assessed upon the merchandise

---

[1] Reported in T. D. 35397 (28 Treas. Dec., 784).

by virtue of subsection 7 of paragraph J of section 4 of the tariff act of 1913. This latter claim, however, was not sustained by any proofs at the trial before the board, and therefore may be regarded as abandoned for the present case.

The protest was tried upon evidence before the Board of General Appraisers and was overruled, from which decision the importers now appeal.

The question therefore is whether the present merchandise is desiccated potatoes or potatoes otherwise prepared, governed by paragraph 581, tariff act of 1913, or is a nonenumerated manufactured article, governed by paragraph 385 of that act.

The following is a copy of the two competing paragraphs thus cited:

581. Potatoes, and potatoes dried, desiccated, or otherwise prepared, not specially provided for in this section: *Provided*, That any of the foregoing specified articles shall be subject to a duty of 10 per centum ad valorem when imported directly or indirectly from a country, dependency, or other subdivision of government which imposes a duty on such articles imported from the United States.

385. That there shall be levied, collected, and paid on the importation of all raw or unmanufactured articles not enumerated or provided for in this section, a duty of 10 per centum ad valorem, and on all articles manufactured, in whole or in part, not provided for in this section, a duty of 15 per centum ad valorem.

The testimony discloses that the present article is produced from potatoes. The potatoes are cut into pieces about the size of ordinary potato chips, which are processed until they are thoroughly desiccated. These desiccated chips are used for culinary purposes in the place of potatoes. A certain part of this product, however, is ground into meal of several degrees of fineness, one kind resembling corn meal in appearance, the other being as fine as common wheat flour. The present merchandise belongs to the class last described and is especially useful for making bread, either alone or in combination with other materials. It is also useful for other culinary purposes, of which the making of soup may be named as an instance. The appraiser reports that the process above described has the effect of materially modifying the starch granules of the constituent potatoes. This statement seems to be contradicted by the testimony of the witness Goldfrank, but both the statement and the testimony are somewhat indefinite. The court, however, does not understand that any chemical change in the substance of the potatoes is effected by the drying and grinding processes to which they are subjected.

The three products above described, namely, the desiccated chips, the coarser meal, and the finely ground flour, are all subjects of importation into this country, but the fine flour is the form which is most frequently imported. The present question is whether that product is free of duty as potatoes "desiccated, or otherwise prepared," under paragraph 581, above copied. As is stated above, the appraiser in his official report named or described the article as "potato flour."

The record contains the testimony of two witnesses only. One of these testified that the present article is "desiccated potatoes"; the other witness stated that the article is "ground potato or potato flour." Neither statement is in the nature of commercial testimony tending to prove a peculiar trade usage of the statutory terms in question; those terms therefore must be accepted in this case according to their common or ordinary signification.

It therefore appears that the present article is produced from potatoes only, and that it contains the entire and chemically unaltered elements of which the constituent potatoes themselves were composed. It also appears that the article is used like potatoes for culinary purposes, and apparently possesses the same food values as potatoes. It is true that it is chiefly, and indeed almost exclusively, used for making bread, but it may also be used in making soup and other dishes. The fact that the article is used in making bread does not imply that it has ceased to be prepared potatoes, since bread is also made from potatoes which are not first desiccated like the present product. The following quotations relate to this subject.

Century Dictionary:

> Potato bread.—A bread made of potatoes which have been boiled, pressed till they are dry, beaten up, kneaded with wheat flour, aniseed, and yeast, and then baked.

Standard Dictionary:

> Potato bread.—A bread made of boiled sweet (sometimes white) potatoes mixed with wheat flour and yeast.

It therefore appears to be within common knowledge that potatoes are used in making bread and that this is done at times by first boiling the potatoes and then mashing them, so that they may be kneaded with wheat flour and baked into bread. The use of the present article in making bread does not differ essentially from the one just above described as a commonly known use of potatoes. It may also be noted that wherever the present article is named or described in the record the term "potato" appears as part of its title. The article is therein called potato ground meal, potato flour, ground potato, or desiccated potatoes. The court therefore concludes that after all the present article has not acquired a new name, use, or character, but still retains the name and essential characteristics of potatoes, and serves such culinary purposes as potatoes themselves serve. The article differs from potatoes in their original form only because it is prepared for the uses to which potatoes as such are applied. It is consequently "potatoes, prepared," rather than a new manufacture from potatoes. Vitelli & Son v. United States (4 Ct. Cust. Appls., 75; T. D. 33313).

An additional consideration may be suggested in support of this conclusion. The tariff act of 1909 laid a duty of 40 per cent ad

valorem upon "vegetables, prepared in any way" (par. 252), and also a duty of 25 cents per bushel upon "potatoes" (par. 263). There was no specific provision in the act for "potatoes, dried, desiccated, or otherwise prepared," such as now appears in the act of 1913.

When merchandise like the present article was imported under the tariff act of 1909, the Government assessed the same with duty at 40 per cent ad valorem as prepared vegetables under paragraph 252. The importers protested, claiming assessment of the merchandise as a nonenumerated manufactured article. The board sustained such protests, holding that the article was not a prepared vegetable under paragraph 252 of the act, but was an unenumerated manufactured article. The potato paragraph of the act of 1909 did not apply to the case at all, since it only included potatoes which were to be assessed by the bushel. The following board decisions under the act of 1909 severally held the present article to be dutiable as a nonenumerated manufactured article rather than a prepared vegetable: Abstract 23912 (T. D. 30901), Abstract 24033 (T. D. 30969), Abstract 24537 (T. D. 31207), Abstract 25573 (T. D. 31589), Abstract 24918 (T. D. 31335), Abstract 26347 (T. D. 31832), Abstract 26277 (T. D. 31813), Abstract 27204 (T. D. 32031), Abstract 27464 (T. D. 32126), Abstract 28784 (T. D. 32618), Abstract 28184 (T. D. 32424).

These decisions were all published prior to the tariff revision of 1913, and in each decision as published the merchandise itself was named or described by the board as "ground desiccated potatoes."

In the light of the foregoing decisions, holding that "ground desiccated potatoes" were unenumerated in the tariff act of 1909, Congress enacted paragraph 581 of the tariff revision of 1913, and provided therein for the free entry of "potatoes, and potatoes dried, desiccated, or otherwise prepared." The fact that "desiccated potatoes" were thus enumerated *eo nomine* in the act of 1913, following the foregoing decisions dealing with the present article under that name, tends strongly to the conclusion that this identical merchandise was within the contemplation of Congress at the enactment of the latter paragraph. This conclusion is strengthened by the appearance of the phrase "or otherwise prepared" in the same provision.

In this view of the case the decision of the board is reversed, and the case is remanded in order that the collector may assess the retaliatory duty of 10 per cent ad valorem provided for by paragraph 581, *supra,* in case it be found that the present merchandise is "imported directly or indirectly from a country, dependency, or other subdivision of government which imposes a duty on such articles imported from the United States."

It may be added that counsel have cited numerous decisions in support of their respective contentions. These have been examined, but need not now be discussed.

*Reversed.*