The judgment of the United States Customs Court is *affirmed.*

UNITED STATES *v.* KAWAHARA (No. 2890)[1]

United States Court of Customs Appeals, June 6, 1927

*Charles D. Lawrence*, Assistant Attorney General (*Fred J. Carter* and *W. Roger Hunt*, special attorneys, of counsel), for the United States.

*Frank L. Lawrence* (*Martin T. Baldwin* of counsel) for appellee.

[1] T. D. 42242.

232

Before GRAHAM, Presiding Judge, and SMITH, BARBER, BLAND, and HATFIELD, Associate Judges

BARBER, Judge, delivered the opinion of the court:

The importation involved in this case is a commodity known as taro flour or "*konnyakuko*," sometimes called "*konnyakuka*." As made, the importation included this flour and rapeseed oil, but no question is raised in this appeal as to the latter. The taro flour was classified under paragraph 773 of the Tariff Act of 1922 as prepared vegetables and assessed at 35 per centum ad valorem. It is claimed to be dutiable at 20 per centum ad valorem as a nonenumerated manufactured article under paragraph 1459 of the act.

Paragraph 773, so far as material, provides for "vegetables, if cut, sliced, or otherwise reduced in size, * * * or prepared or preserved in any other way, and not specially provided for."

The parties have stipulated that the importation is "a vegetable ground into a form of flour." The United States Customs Court sustained the protest and the Government appealed.

Appellant contends that the commodity, being a vegetable, the case is ruled by *Stein, Hirsch & Co.* v. *United States*, 6 Ct. Cust. Appls. 154. That case involved a provision for "potatoes dried, desiccated, or otherwise prepared, not specially provided for," in paragraph 581 of the act of 1913, and it was held that thereunder potato flour, produced by grinding potatoes, was more specifically provided for than as an unenumerated manufactured article under paragraph 385 of the same act.

In that case the potato flour had been classified by the collector as a nonenumerated manufactured article. Importer protested, claiming it to be dutiable under the provision for potatoes, dried, desiccated, or otherwise prepared under said paragraph 581, which was the first tariff provision to which our attention has been called covering potatoes with that specific description. As appears by our opinion in that case, like merchandise had by the Board of General Appraisers many times been held classifiable as a nonenumerated manufactured article prior to the act of 1913. In each case the merchandise had been described by the board as "ground desiccated potatoes." We held, in view of that fact and that the provision for desiccated potatoes first appeared in said paragraph 581, that the potato flour was classifiable thereunder. It will also be noticed that the opinion states that one of the witnesses characterized the merchandise there in question as "desiccated potatoes."

The tariff act of 1890, paragraph 287, provided for vegetables prepared, not otherwise provided for; the act of 1894, paragraph 198, for vegetables prepared or preserved; the act of 1897, paragraph 241,

for vegetables prepared or preserved, not specially provided for; the acts of 1909, paragraph 252, and 1913, paragraph 200, for vegetables prepared in any way, not specially provided for.

And as already appears, the provision for potatoes dried, desiccated, or otherwise prepared first appeared in paragraph 581 of the act of 1913, and the decision in the *Stein, Hirsch & Co.* case was induced very largely by reason of the fact that the *eo nomine* provision in said paragraph for desiccated potatoes was thought to indicate a congressional intent thereby to provide a duty for ground potato or potato flour, which the board had expressly described as ground desiccated potatoes in its numerous decisions referred to in the opinion in that case.

It may be noted in this connection that paragraph 769 of the present act amends said paragraph 581 by providing for potatoes "dried, dehydrated, or desiccated" instead of for potatoes "dried, desiccated, or otherwise prepared," and contains a new provision for "potato flour" dutiable at a rate less than for potatoes, "dried, dehydrated, or desiccated," thereby rendering ineffective our decision in the Stein, Hirsch case so far as potato flour is concerned.

We think, in view of all the foregoing, that the rule of that case is without force in the one at bar.

While the stipulation in this case does not go that far, it is apparent that this "*konnyakuko*" is, in fact, yam flour, or subject to the same tariff classification. The Customs Court found it to be taro flour in the same form as that involved in Abstract 47091, hereinafter referred to, wherein it was stipulated to be yam flour.

In T. D. 31478, Abstract 25277, an article referred to as "*konnyaku* flour," "*konnyakuko* flour," and "yam powder," was under consideration by the Board of General Appraisers. The issue was whether it was dutiable as an unenumerated manufactured article under the tariff act of 1909 or under paragraph 252 of that act providing for vegetables prepared in any way. It was held classifiable as an unenumerated manufactured article. In its opinion the board said that the testimony of the Government examiner was to the effect that the commodity was like that before the board in Abstract 24194, T. D. 31053, and Abstract 24265, T. D. 31070, in both which cases the merchandise was referred to as "*konjak* flour," and was held dutiable as an unenumerated manufactured article under paragraph 480 of the act of 1909. The board seems to have rested its decision in one of the cases last referred to, upon T. D. 24904, G. A. 5534, where bean flour was held dutiable as an unenumerated manufactured article under section 6 of the tariff act of 1897 as against the claim that it was a prepared vegetable under paragraph 241 of that act.

In Abstract 47091, decided in 1924, 45 Treas. Dec. 934, "*konnyakuka*" was stipulated to be yam flour and, following the earlier decisions, was held by the board to be dutiable as a nonenumerated manufactured article, instead of a prepared vegetable under the provisions of the tariff act of 1913.

In T. D. 15174, G. A. 2700, yam flour had been classified by the collector as starch under paragraph 323 of the act of 1890, but was held dutiable by the board as a nonenumerated manufactured article. As already above appears, that act, paragraph 287, provided for vegetables prepared, but no claim for classification thereunder seems to have been considered by the board.

That the classification of taro flour as a nonenumerated manufactured article was long recognized and adopted by the Treasury Department is evidenced by T. D. 38784, dated July 9, 1921. Therein, basing its conclusion on our decision in the *Stein, Hirsch & Co.* case, the department directed collectors, beginning 30 days thereafter, to classify "*konnyakuko* flour" and certain other commodities as prepared vegetables under paragraph 200 of the tariff act of 1913, instead of as unenumerated manufactured articles.

In other words, beginning with the tariff act of 1890 and until the last-mentioned T. D. was issued, it is apparent that the settled customs practice, following and based upon the decisions of the Board of General Appraisers, was to classify "*konnyakuko* flour" as an unenumerated manufactured article, notwithstanding the fact that the tariff acts in force during the period had all the time contained provisions for vegetables prepared, or for vegetables prepared or preserved.

The foregoing facts, not only invite but require the application of a well-established rule, that where a given term in a tariff statute has been judicially interpreted and thereafter reenacted in substantially the same language (such interpretation also having been adopted and long followed by the administrative department), the given term will, if found in a later statute, be given the same interpretation, unless a contrary legislative intent clearly appears. We find no such intent as to the statute here under consideration.

Among the many relevant authorities we cite a few: *United States* v. *Cerecedo, etc.*, 209 U. S. 337; *Komada* v. *United States*, 215 U. S. 392; *Latimer* v. *United States*, 223 U. S. 501; *United States* v. *Post & Co.*, 3 Ct. Cust. Appls. 260; *United States* v. *Borgfeldt & Co.* 7 Id. 367; *United States* v. *Basket Importing Co.*, 13 Id. 98.

The judgment of the United States Customs Court is *affirmed.*