UNITED STATES *v.* GALLAGHER & ASCHER (INC.) (No. 3061[1])

United States Court of Customs Appeals, May 21, 1928

*Charles D. Lawrence*, Assistant Attorney General (*Reuben Wilson*, special attorney, of counsel), for the United States.
*David D. Stansbury* for appellee.

[Oral argument April 12, 1928, by Mr. Lawrence]

Before GRAHAM, Presiding Judge, and SMITH, BARBER, BLAND, and HATFIELD, Associate Judges

GRAHAM, Presiding Judge, delivered the opinion of the court:

Gallagher & Ascher (Inc.), the appellee, imported at the port of Chicago certain chestnut flour, which was classified for duty as an unenumerated manufactured article under paragraph 1459 of the Tariff Act of 1922. The importer protested, claiming the same to be free of duty under paragraph 1546 of said act as chestnuts prepared.

---

[1] T. D. 42779.

The Customs Court sustained the protest and the Government appeals.

The competing paragraphs of the statute are as follows:

PAR. 1459. That there shall be levied, collected, and paid on the importation of all raw or unmanufactured articles not enumerated or provided for, a duty of 10 per centum ad valorem, and on all articles manufactured, in whole or in part, not specially provided for, a duty of 20 per centum ad valorem.

PAR. 1546. Chestnuts, including marrons, crude, dried, baked, prepared, or preserved in any manner.

The record shows that the imported material is chestnut flour, made in Italy, by the following process: Chestnuts are dried out by smoking; they are then peeled and ground into flour. Nothing else is added to this flour, and it is thus imported. The record discloses nothing as to the use of the product.

The case, we believe, is settled by our judgment in *Stein, Hirsch & Co.* v. *United States*, 6 Ct. Cust. Appls. 154, T. D. 35397. In that case potato flour was imported, which was obtained by the desiccation and grinding of potatoes. It was returned for duty as an unenumerated manufactured article, and was claimed to be free of duty under paragraph 581 of the Tariff Act of October 3, 1913, as desiccated or prepared potatoes. The particular language involved in said paragraph 581 was:

581. Potatoes, and potatoes dried, desiccated, or otherwise prepared,  *  *  *.

In the *Stein* case, *supra*, the court calls attention to the fact that under the previous Tariff Act of August 5, 1909, the competing paragraphs were 252, providing for "vegetables,  *  *  *  prepared in any way," and 263, providing for a duty of 25 cents *per bushel* for "potatoes." Under these provisions, the court states, the Board of General Appraisers had, on many occasions, held potato flour dutiable as an unenumerated manufacture rather than as vegetables, prepared, it being generally conceded that the potato paragraph did not apply. But the court calls attention to the fact that, apparently to meet these decisions, Congress, in enacting the Tariff Act of October 3, 1913, amended the potato paragraph to read "potatoes, and potatoes dried, desiccated, or otherwise prepared." Assuming that this change was to provide for such products as those there imported, the court then held the potato flour to be free of duty as claimed.

It is argued that the recent case of *United States* v. *Kawahara*, 15 Ct. Cust. Appls. 231, T. D. 42242, is a departure from the doctrine announced in the *Stein* case, *supra*. On the contrary, it seems to be in entire harmony therewith when carefully considered. The article imported in the *Kawahara* case, *supra*, was taro flour, classified as prepared vegetables, under paragraph 773 of the Tariff Act of 1922 and claimed to be dutiable as an unenumerated manufactured

article under paragraph 1459 thereof. In commenting upon the *Stein* case, *supra*, in the opinion the court calls attention to the fact that the Tariff Act of 1922, paragraph 769, departs from the language of the Act of October 3, 1913, and provides for potatoes, "dried, dehydrated, or desiccated," instead of for potatoes, "dried, desiccated, or otherwise prepared," and contains a new provision for "potato flour," at a less rate. This, the court comments, renders ineffective its decision in the *Stein* case, *supra*. But there is here no intimation that the court is departing from its judgment in the *Stein* case. Changed statutory language has required a new construction; the governing principles of construction have not changed.

This brings us to the case at bar. Chestnuts have never been eo nomine provided for in tariff acts prior to the Tariff Act of 1922. Therefore, when the dutiability of chestnut products was involved under previous statutes, the contest was generally between the statutory provisions for unenumerated manufactured products and vegetables, prepared, or as starch, or otherwise. Such was the case in the protest of *La Costa*, T. D. 11547, decided under the Act of October 1, 1890, and cited by the Government here. In the Act of 1922, however, paragraph 1546 was inserted. Chestnuts, prepared, having been thus legislatively provided for, the doctrine announced in the *Stein* case. *supra*, necessarily controls the classification of ground chestnuts or chestnut flour.

Counsel for the Government cite numerous provisions of the Tariff Act of 1922, paragraphs 722, 723, 724, 729, 769, and 410, providing for flour of various kinds. The suggestion is then made that the Congress, having thus specially provided for various other kinds of flour, by its failure to thus provide for chestnut flour, eo nomine, should be understood as intending, by this omission, that such chestnut flour should be classified as unenumerated. On the contrary it would seem more logical that by such omission the Congress intended to carry the meaning that as to the particular kinds of flour thus enumerated there was a distinction to be made between the flour and the product out of which it was made, but that as to chestnuts no such distinction should be made. Such a conclusion is more in harmony with the thought expressed by us in the *Kawahara* case, *supra*, than with the theory proposed by the Government here.

The judgment of the court below is *affirmed*.