K. TOGASAKI & Co. *v.* UNITED STATES (No. 3911) [1]

[1] T. D. 48197.

United States Court of Customs and Patent Appeals, February 24, 1936

*Lawrence & Tuttle* (*George R. Tuttle* and *Martin T. Baldwin* of counsel) for appellant.

*Joseph R. Jackson*, Assistant Attorney General (*Richard E. FitzGibbon*, special attorney, of counsel), for the United States.

[Oral argument February 4, 1936, by Mr. Baldwin and Mr. Jackson]

Before GRAHAM, Presiding Judge, and BLAND, HATFIELD, GARRETT, and LENROOT, Associate Judges

LENROOT, Judge, delivered the opinion of the court:

This is an appeal from a judgment of the United States Customs Court, Third Division, overruling a protest of appellant against the classification and assessment with duty, by the Collector of Customs of the port of San Francisco, of certain bean flour under paragraph 765 of the Tariff Act of 1930 as beans prepared or preserved in any manner. The protest claimed the merchandise to be properly dutiable under paragraph 775 of said act as vegetables reduced to flour.

The pertinent provisions of said tariff act read as follows:

PAR. 765. Beans * * * prepared or preserved in any manner, 3 cents per pound on the entire contents of the container.

PAR. 775. Vegetables * * * if reduced to flour, * * * or prepared or preserved in any other way and not specially provided for; * * * 35 per centum ad valorem; * * *.

The protest was submitted to the trial court upon the stipulation of counsel that the merchandise "consists of beans, not soya beans, prepared by being ground into flour form."

The Customs Court found that the involved merchandise consisted of "beans prepared" within the meaning of those words as used in said paragraph 765. It did not discuss the relative specificity of the two paragraphs involved, but it necessarily follows from its conclusion that it was of the opinion that the merchandise here involved was more particularly described in said paragraph 765 as beans prepared than in paragraph 775 as vegetables reduced to flour. Apparently the court did not consider the legislative history of the two provisions.

In the case of *Stein, Hirsch & Co. et al.* v. *United States*, 6 Ct. Cust. Appls. 154, T. D. 35397, this court held that potato flour fell within the tariff classification of "Potatoes * * * prepared" under paragraph 581 of the tariff act of 1913, and in the case of *United States* v. *Gallagher & Ascher (Inc.)*, 16 Ct. Cust. Appls. 141, T. D. 42779, it was held that chestnut flour came within the tariff classification of "Chestnuts * * * prepared" under paragraph 1546 of the Tariff Act of 1922.

It will be observed that the common meaning of the term "vegetables" includes beans, and flour made from vegetables is *eo nomine* provided for in said paragraph 775. On the other hand, bean flour, broadly speaking, comes within language such as beans prepared or preserved in any manner. There are many vegetables falling under the provision of paragraph 775, and there are many forms of beans prepared falling under the provision of paragraph 765.

In the case of *United States* v. *De Grandmont, Inc.*, 21 C. C. P. A. (Customs) 17, T. D. 46345, we said:

* * * In the enactment of tariff statutes it sometimes occurs, as here, that plain language is used in separate paragraphs which language is broad enough to include in each of such paragraphs the same merchandise, and from the language used it can not be satisfactorily determined under which paragraph Congress meant the importation should be classified. Such a situation calls for the application of the master rule which is to interpret statutes so as to carry out the legislative intent. (Citing cases.)

It is our opinion that the case at bar is similar to the case last cited in that it is proper to resort to the legislative history of the provisions here in question to aid us in arriving at the Congressional intent in their enactment.

Before doing so, we would observe that prior to the decision of this court in the case of *Stein, Hirsch & Co. et al.* v. *United States, supra,* the decisions of the Board of General Appraisers, now the United States Customs Court, had been to the effect that bean flour was not included in the phrase "vegetables * * * prepared or preserved,"

but was held to be a nonenumerated article under the tariff acts involved. Subsequent to our decision in the case last above cited, relating to potato flour, the Treasury Department in 1921 directed that bean flour be classified as beans prepared. T. D. 38784. On November 3, 1928, T. D. 43020 was issued by the Treasury Department, in which the following statement is found:

> There has been some confusion resulting from the various decisions in regard to the classification of articles produced from vegetables where the articles have lost their identity as "vegetables" as that term is ordinarily used, and the department held in T. D. 38709 and T. D. 38784, following the decision of the United States Court of Customs Appeals (T. D. 35397) [the *Stein, Hirsch & Co.* case], that bean flour, pea flour, yam flour, soya-bean flour, etc., were dutiable as prepared vegetables. The department is of the opinion, however, that the position taken by that court in its later decision (T. D. 42242) is probably the correct construction of paragraph 773. * * *

T. D. 42242, last cited in the above quotation, is the case of *United States* v. *Kawahara*, 15 Ct. Cust. Appls. 231, T. D. 42242. In that case a commodity known as taro flour, stipulated to be a "vegetable ground into a form of flour," was held to be a nonenumerated manufacture classifiable under paragraph 1459 of the Tariff Act of 1922, and not as a prepared vegetable under the provisions of paragraph 773 of said act. It appears, however, that such decision was placed upon the ground of legislative adoption of judicial decision rather than upon the question of whether a vegetable ground into the form of flour is in fact a prepared vegetable within the meaning of the words "vegetables prepared" as used in tariff acts.

As stated in said T. D. 43020, there was confusion resulting from the various decisions in regard to the classification of articles produced from "vegetables," as that term is ordinarily used.

We assume that from November 3, 1928, the date of T. D. 43020, until May 14, 1930, bean flour was classified as a nonenumerated manufactured article, and not as "vegetables * * * prepared." On May 14, 1930, the Treasury Department again changed the practice and directed that bean flour be classified as beans prepared. T. D. 44032.

That in the preparation of the bill which later became the Tariff Act of 1930, Congress was aware of the confusion which had existed with respect to the classification of vegetable flour is shown by the Summary of Tariff Information, 1929, prepared for the Committee on Ways and Means of the House of Representatives. We quote therefrom as follows, page 1399, under the heading "Decisions," said decisions relating to paragraph 763 of the Tariff Act of 1922, being the predecessor of paragraph 765 of the Tariff Act of 1930:

> The phrase "prepared or preserved in any manner" in paragraph 763 has been held by the Treasury Department not to cover vegetables manufactured into

flour which have lost their identity as vegetables. *Soya-bean flour* and *bean flour* were held dutiable at 20 per cent, paragraph 1459, rather than at 2 cents per pound, paragraph 763, or 35 per cent, paragraph 773. (C. I. E. 3080.)

Upon page 1429, under the heading "Decisions," said decisions relating to paragraph 769 of the Tariff Act of 1922, is found the following:

Under the tariff act of 1913, the Court of Customs Appeals in 6 Court of Customs Appeals, page 154 [the *Stein, Hirsch & Co.* case], held potato flour to be "potatoes dried, desiccated, or otherwise prepared," under paragraph 581, rather than an unenumerated manufacture under paragraph 385. But the act of 1922 provides (par. 769) for potatoes "dried, dehydrated, or desiccated" and contains a new provision for "potato flour," thereby rendering this decision ineffective. Prior to this decision the flours of beans, peas, onions, garlic, potatoes, and yams or taro were classified as nonenumerated manufactures rather than vegetables prepared. *Yam or taro flour* known as "Konnyakuko" or "Konnyakuka," was held to be a nonenumerated manufacture under paragraph 1459, tariff act of 1922, rather than a prepared vegetable under paragraph 773. (15 Ct. Cust. Appls. 231.) [the *Kawahara* case.] Following the principle of this decision the Treasury Department approved a return to the former practice of classifying bean flour, pea flour, garlic flour, and onion flour as nonenumerated manufactured articles under paragraph 1459 C. I. E. 581 of 1927.

On page 1458, under the heading of "Decisions," said decisions relating to paragraph 773 of the Tariff Act of 1922, said paragraph being the predecessor of paragraph 775 of the Tariff Act of 1930, is found the following:

Under the act of 1913 the Court of Customs Appeals held *potato flour* (now provided for by name in paragraph 769, tariff act of 1922) to be "potatoes dried, desiccated, or otherwise prepared," under paragraph 581, rather than an unenumerated manufacture under paragraph 385. (6 Ct. Cust. Appls. 154.) [the *Stein, Hirsch & Co.* case.] Following the principle of this decision, the classification of the *flour of beans, peas, garlic, onions, and yams* was changed under the act of 1913 from non-enumerated manufactured articles to prepared vegetables. (T. D. 38709 and 38784.) * * * The Court of Customs Appeals subsequently held, however, that *yam or taro flour*, known as Konnyakuko, was properly classifiable as a nonenumerated manufactured article rather than as a prepared vegetable. (15 Ct. Cust. Appls. 231.) [the *Kawahara* case.] Following the principle of this decision and on the theory that vegetables ground into flour have lost their identity as vegetables, the Treasury Department approved a return to the former practice of classifying bean flour, pea flour, garlic flour, and onion flour as nonenumerated manufactured articles, * * *. Because of confusion resulting from the various decisions in regard to the classification of articles produced from vegetables, where the articles have lost their identity as vegetables as that term is ordinarily used, and of consequent variance in practice at the several ports throughout the United States, and the apparent fact that the decision in 15 Ct. Cust. Appls. 231, supra, was based upon flour not being a vegetable within the meaning of paragraph 773, instructions were issued by the Treasury Department to customs officers that *fish balls and fish cakes* consisting of fish and small quantities of potato flour are dutiable under paragraph 720. (T. D. 43020.)

From the foregoing it is apparent that Congress, while considering the legislation which ultimately became the Tariff Act of 1930, was

fully informed of the difficulties which had been encountered in classifying flour produced from vegetables under the provisions of prior tariff acts.

In the Tariff Act of 1930, paragraph 765 is identical with paragraph 763 of the Tariff Act of 1922, except for the addition of the words "on the entire contents of the container." It is obvious that this change has no relevancy to the question before us.

Paragraph 773 of the Tariff Act of 1922 is the predecessor of paragraph 775 of the Tariff Act of 1930 here involved. So far as pertinent here, said paragraph 773 reads as follows:

PAR. 773. Vegetables, if  *  *  *  prepared or preserved in any other way  *  *  *.

As hereinbefore quoted, paragraph 775 of the Tariff Act of 1930, so far as is here pertinent, reads as follows:

PAR. 775. Vegetables  *  *  *  if reduced to flour,  *  *  *  or prepared or preserved in any other way and not specially provided for;  *  *  *  35 per centum ad valorem.

It will be observed that the words "if reduced to flour" were added to the paragraph, thereby differing from its predecessor, said paragraph 773 of the Tariff Act of 1922.

The tariff information hereinbefore set out becomes important in arriving at the intent of Congress in adding the words, in paragraph 775, "if reduced to flour." If Congress contemplated that the phrase "beans  *  *  *  prepared" in paragraph 765 of the Tariff Act of 1930 included bean flour, it would likewise have contemplated that the term "vegetables  *  *  *  prepared" in paragraph 775 of said act would include and embrace within said paragraph the flour from all vegetables which, in a prepared state, were not elsewhere provided for, and therefore it would have been wholly unnecessary to insert in paragraph 775 the language "if reduced to flour." Congress having added this provision to paragraph 775, it must be held to have been the Congressional understanding that, without such addition, said paragraph 775 would not have included the flour of such vegetables. Similarly, it must be held to have been the Congressional understanding that paragraph 765, without a similar addition, did not include bean flour; and, no such addition having been enacted, we must conclude that it was the Congressional intent that said paragraph 765 does not include bean flour.

It may be argued that it was the intent to include in paragraph 775 flour from only such vegetables as were not *eo nomine* named in other paragraphs, or, if so named, were not accompanied by the words "prepared or preserved" or similar language. As above observed, however, the addition of the words "if reduced to flour" in paragraph 775 added nothing to the paragraph if, within the mind of Congress,

"vegetables * * * prepared" included flour from vegetables. In other words, if it was the intent of Congress that the words "Beans * * * prepared" in paragraph 765 should include bean flour, then by a parity of reasoning the words "Vegetables * * * prepared" in paragraph 775 would, without the addition of the phrase "if reduced to flour," include the flour of such vegetables as were not *eo nomine* named in other paragraphs, or, if so named, were not accompanied by the words "prepared or preserved," or similar language.

It is a familiar rule that, ordinarily, a change in language in a statute implies a change in intent. *Tausend et al.* v. *United States,* 15 Ct. Cust. Appls. 323, T. D. 42490.

Effect must be given to the new phrase in paragraph 775, "if reduced to flour," and although, broadly speaking, a flour produced from a vegetable is a vegetable prepared, yet Congress did not seem so to regard it in enacting said Tariff Act of 1930. Nothing has been called to our attention which would indicate that Congress did not intend to embrace in paragraph 775 flour from all vegetables except potato flour, which is specifically included in paragraph 771. To hold that bean flour is included in paragraph 765 would be to give to said paragraph a scope which Congress gave to paragraph 775 only by the enactment of the specific language "if reduced to flour."

We hold that the protest of appellant should be sustained insofar as it claims classification of the merchandise under said paragraph 775.

The judgment of the United States Customs Court is *reversed.*