(C. D. 954)

Martel Food Corp. *v.* United States

United States Customs Court, Third Division

(Decided October 11, 1945)

*John D. Rode* (*Jacob L. Klingaman* of counsel) for the plaintiff.
*Paul P. Rao*, Assistant Attorney General (*Harold L. Grossman* and *William J. Vitale*, special attorneys), for the defendant.

Before Cline, Keefe, and Ekwall, Judges

Cline, Judge: This is a suit against the United States, arising at the port of New York, by protest against the collector's assessment

of duty on certain merchandise described as "prepared mushroom powder" and "powder of Roumanian mushrooms." The merchandise involved in protest 48243–K was assessed at 10 cents per pound and 45 per centum ad valorem under paragraph 768 of the Tariff Act of 1930, and the merchandise involved in protest 55417–K was assessed at 8 cents per pound and 25 per centum ad valorem under paragraph 768 as modified by the French Trade Agreement (T. D. 48316).

The principal claim is that the proper rate is 35 per centum ad valorem under paragraph 775 as "Vegetables * * * if reduced to flour." It is alternatively claimed that the merchandise is dutiable at 20 per centum under paragraph 1558 as a nonenumerated manufactured article or, as to the merchandise involved in protest 48243–K, that it is dutiable at the reduced rate provided in the French Trade Agreement. The pertinent provisions of the tariff act are as follows:

PAR. 775. Vegetables * * * if reduced to flour, * * * 35 per centum ad valorem; * * *

PAR. 768. Mushrooms, fresh or dried, 10 cents per pound and 45 per centum ad valorem; otherwise prepared or preserved, 10 cents per pound on drained weight and 45 per centum ad valorem.

PAR. 768, as modified by the French Trade Agreement, T. D. 48316. Mushrooms, prepared or preserved, other than dried, 8 cents per pound on drained weight and 25 per centum ad valorem.

PAR. 1558. That there shall be levied, collected, and paid on the importation of all raw or unmanufactured articles not enumerated or provided for, a duty of 10 per centum-ad valorem, and on all articles manufactured, in whole or in part, not specially provided for, a duty of 20 per centum ad valorem.

At the trial Benjamin Worby, treasurer of plaintiff corporation, described the merchandise as a brown flour of such fineness that by touching it a fine dust was raised. He also testified that he had seen similar merchandise produced in Poland where pieces of mushroom are alternately ground and sifted through metal screens until they become a fine floury substance.

The question is whether the merchandise is more specifically provided for as mushrooms, prepared, under paragraph 768 or as a vegetable reduced to flour under paragraph 775. In K. Togasaki & Co. v. United States, 23 C. C. P. A. 342, T. D. 48197, the merchandise consisted of "beans, not soya beans, prepared by being ground into flour form." The competing paragraphs of the tariff act were as follows:

PAR. 765. Beans * * * prepared or preserved in any manner, * * *
PAR. 775. Vegetables * * * if reduced to flour, * * *

It was held that the merchandise was properly dutiable under paragraph 775 as vegetables reduced to flour. The court stated that the term "vegetables" included beans, and flour made from vegetables was provided for in paragraph 775, but, on the other hand, that bean

flour came within the language of the provision for beans, prepared or preserved. Resort was therefore made to the legislative history of the provisions in order to determine the intent of Congress. The court noted that in *Stein, Hirsch & Co.* v. *United States*, 6 Ct. Cust. Appls. 154, T. D. 35397, it had held that potato flour was dutiable as potatoes, prepared, under paragraph 581 of the Tariff Act of 1913 and that in *United States* v. *Gallagher & Ascher (Inc.)*, 16 Ct. Cust. Appls. 141, T. D. 42779, it had held that chestnut flour was classifiable as chestnuts, prepared, under paragraph 1546 of the Tariff Act of 1922, but that in *United States* v. *Kawahara*, 15 Ct. Cust. Appls. 231, T. D. 42242, taro flour was held to be a nonenumerated manufactured article under paragraph 1459 of the Tariff Act of 1922. The court pointed out that in preparing the Tariff Act of 1930, Congress had become aware of the confusion that had existed through statements in the Summary of Tariff Information, 1929, and had added the words "if reduced to flour" to the prepared-vegetable paragraph of the act of 1922. In construing the meaning of the new paragraph, the court said (p. 347):

* * * If Congress contemplated that the phrase "beans * * * prepared" in paragraph 765 of the Tariff Act of 1930 included bean flour, it would likewise have contemplated that the term "vegetables * * * prepared" in paragraph 775 of said act would include and embrace within said paragraph the flour from all vegetables which, in a prepared state, were not elsewhere provided for, and therefore it would have been wholly unnecessary to insert in paragraph 775 the language "if reduced to flour." Congress having added this provision to paragraph 775, it must be held to have been the Congressional understanding that, without such addition, said paragraph 775 would not have included the flour of such vegetables. Similarly, it must be held to have been the Congressional understanding that paragraph 765, without a similar addition, did not include bean flour; and, no such addition having been enacted, we must conclude that it was the Congressional intent that said paragraph 765 does not include bean flour.

Applying that reasoning to the instant case, we find that paragraph 768, which is without the words "if reduced to flour," does not include mushroom flour. See also *United States* v. *Wing Chong Lung Co.*, 33 C. C. P. A. 36, C. A. D. 312, where it was held that paragraph 773 providing for turnips and rutabagas included only turnips in their natural state and that paragraph 775 covered all vegetables in the form and condition there described and not specially provided for. Paragraph 768 provides for mushrooms, prepared or preserved, but not mushrooms reduced to flour. Mushroom flour is therefore dutiable under paragraph 775.

There remains the question whether the product in the instant case is "mushroom flour." It has been held that a commodity which has not been subject to a bolting process is not flour. *Importers Commission Co., Inc.* v. *United States*, 10 Cust. Ct. 205, C. D.

755; *H. M. Gidden* v. *United States*, 13 Cust. Ct. 110, C. D. 879. In the former case the appraiser had described the product as "fine bolted flour from soybeans" and it was held that, since no evidence had been introduced tending to show how the product was produced, it could not be classified as soybean oil-cake meal because the only distinction between flour and meal is the separation of the flour from the meal "by a bolting process or some other method."

In *H. M. Gidden* v. *United States, supra,* the classification of ground screenings from chick-peas was involved. The collector had classified the merchandise as a vegetable reduced to flour under paragraph 775, but it was held that since the product had not been subjected to a bolting process it was not flour; that the commodity was not a vegetable and was dutiable under paragraph 731 as "screenings" * ̥* * of seeds: Unground or ground * * *."

Since the word "flour" may be used in a broad or a narrow sense, it is necessary to determine what Congress meant by the use of that term in paragraph 775. The following definitions are significant:

1. a. The finely ground meal of wheat, esp. the product obtained in its commercial milling, which consists essentially of the starch and gluten of the endosperm. * * * b. The finely ground meal of other cereals and seeds, as rye, barley, buckwheat, rice, corn, bean, and soybean. c. The product derived from grinding fine any dried food material such as potatoes, bananas, peanuts, or cassava. 2. The fine and soft powder of any substance; as, *flour* of emery; *flour* of sulphur. (Webster's New International Dictionary, 2d Edition.)

1. The ground and bolted substance of wheat. In the United States the unqualified term has this meaning both in common and in commercial usage. * * *

2. The finely ground substance of any cereal, usually as separated from the husk: In this sense the kind of cereal used is generally specified; as rye-*flour*; buckwheat-*flour*.

3. Any finely powdered substance; as, *flour* of emery. (Funk & Wagnalls New Standard Dictionary.)

Flour is defined as the fine, clean, sound product made by bolting wheat meal. The word is used in a less definite sense for other cereals and even non-cereals or other substances in a finely powdered state, though in these cases it is usual to use such terms as bean, rice, potato or other flour. . (Encyclopaedia Britannica, vol. 9, p. 403.)

It would thus appear that the word "flour" when used unqualifiedly refers to wheat flour, which requires a bolting process. Since paragraph 775 refers to vegetable flour, it is apparent that the term in its broader meaning of a substance in a finely powdered state was intended. It is significant that none of the cases mentioned in the Summary of Tariff Information, 1929, involving vegetable flour refers to the bolting process nor does the case of *K. Togasaki & Co.* v. *United States, supra.* In a Memorandum of Court Decisions Affecting Tariff Act of 1922, prepared for the use of the Committee on Ways and Means of the House of Representatives, the case of *United States* v. *Kawahara, supra,* involving taro or yam flour, "a vegetable ground

into a form of flour," is referred to, and the following statement is made (p. 34):

> If the decision is in conflict with the Congressional intent, it is suggested that the provision should be amended. It is believed the following provision would accomplish the result:
>
>> PAR. 773. Vegetables, if cut, sliced, *reduced into flour*, or otherwise reduced in size, or if parched or roasted, or if pickled, or packed in salt, brine, oil, or prepared or preserved in any other way and not specially provided for; * * *

We conclude, therefore, that Congress intended in paragraph 775 to cover vegetables which had been reduced to a flour or powder form, and that the presence or absence of bolting is not controlling.

We hold that the merchandise herein is properly dutiable at 35 per centum ad valorem under paragraph 775 of the Tariff Act of 1930 as a vegetable reduced to flour. The protests are sustained and judgment will be entered accordingly.