(C. D. 1413)

R. VANUCCI CO. v. UNITED STATES

United States Customs Court, Third Division

(Decided May 8, 1952)

Lawrence, Tuttle & Harper (Walter I. Carpeneti of counsel) for the plaintiff.
Charles J. Wagner, Acting Assistant Attorney General (Daniel I. Auster, special attorney), for the defendant.

Before CLINE, EKWALL, and JOHNSON, Judges; CLINE, J., not participating

JOHNSON, Judge: This is a protest, arising at the port of San Francisco, against the collector's assessment of duty on merchandise described in the invoice as chestnut flour at 8 cents per pound under paragraph 756 of the Tariff Act of 1930, as amended by the General Agreement on Tariffs and Trade, T. D. 51802, as chestnuts, prepared. It is claimed that the merchandise is properly dutiable at 20 per centum ad valorem under paragraph 1558 as a nonenumerated manufactured article.

The pertinent provisions of the tariff act are as follows:

PAR. 756 [as amended by the General Agreement on Tariffs and Trade, T. D. 51802]. Chestnuts (including marrons), candied, crystallized, or glace, or prepared or preserved in any manner _____ 8¢ per lb.

PAR. 1558. That there shall be levied, collected, and paid on the importation of all raw or unmanufactured articles not enumerated or provided for, a duty of 10 per centum ad valorem, and on all articles manufactured, in whole or in part, not specially provided for, a duty of 20 per centum ad valorem.

At the trial, a sample was received in evidence as illustrative of the merchandise involved in this case. (Plaintiff's illustrative exhibit 1.)

No other evidence was offered by either party. It is conceded in the briefs that the merchandise is flour made from chestnuts.

The sole question is whether chestnuts reduced to flour are dutiable as chestnuts, prepared.

Similar merchandise was involved in *United States* v. *Gallagher & Ascher (Inc.)*, 16 Ct. Cust. Appls. 141, T. D. 42779. The court described the merchandise as chestnut flour made by drying and peeling chestnuts and grinding them into flour. The collector classified it as a nonenumerated manufactured article under paragraph 1459 of the Tariff Act of 1922, and it was claimed to be free of duty under paragraph 1546, which provided:

Chestnuts, including marrons, crude, dried, baked, prepared, or preserved in any manner.

The court pointed out that chestnuts had not been provided for *eo nomine* in prior tariff acts and held that, since chestnuts, prepared, were legislatively provided for in paragraph 1546 of the Tariff Act of 1922, chestnut flour was classifiable under said provision rather than as a nonenumerated manufactured article, following *Stein, Hirsch & Co.* v. *United States*, 6 Ct. Cust. Appls. 154, T. D. 35397.

The *Stein* case, *supra*, involved potato flour, prepared by desiccating and grinding potatoes. The competing paragraphs were paragraph 581 of the Tariff Act of 1913, which included "Potatoes, and potatoes dried, desiccated, or otherwise prepared, not specially provided for in this section," and paragraph 385 of said act covering nonenumerated manufactured articles. The court stated that under the Tariff Act of 1909, similar merchandise had been held dutiable as a nonenumerated manufactured article, rather than as a prepared vegetable, and that the potato paragraph in said act did not apply at all as it included only potatoes which were to be assessed by the bushel. The court, in holding that potato flour was dutiable under the Tariff Act of 1913 as potatoes, prepared, stated:

In the light of the foregoing decisions, holding that "ground desiccated potatoes" were unenumerated in the tariff act of 1909, Congress enacted paragraph 581 of the tariff revision of 1913, and provided therein for the free entry of "potatoes, and potatoes dried, desiccated, or otherwise prepared." The fact that "desiccated potatoes" were thus enumerated *eo nomine* in the act of 1913, following the foregoing decisions dealing with the present article under that name, tends strongly to the conclusion that this identical merchandise was within the contemplation of Congress at the enactment of the latter paragraph. This conclusion is strengthened by the appearance of the phrase "or otherwise prepared" in the same provision.

However, in a subsequent case, *United States* v. *Kawahara*, 15 Ct. Cust. Appls. 231, T. D. 42242, it was held that taro flour, a vegetable ground into the form of flour, was dutiable as a nonenumerated manufactured article under paragraph 1459 of the Tariff Act of 1922, rather than as a prepared vegetable under paragraph 773. This de-

cision was based upon settled customs practice since 1890 to classify such merchandise as a nonenumerated manufactured article, notwithstanding the fact that tariff acts in force during the period had contained provisions for vegetables, prepared.

The above-cited cases were considered by the Court of Customs and Patent Appeals in *K. Togasaki & Co.* v. *United States*, 23 C. C. P. A. 342, T. D. 48197, which involved bean flour. There, the competing provisions were paragraph 765 of the Tariff Act of 1930, which included beans, prepared or preserved in any manner, and paragraph 775 which included vegetables, if reduced to flour. The court said:

It will be observed that the common meaning of the term "vegetables" includes beans, and flour made from vegetables is *eo nomine* provided for in said paragraph 775. On the other hand, bean flour, broadly speaking, comes within language such as beans prepared or preserved in any manner. There are many vegetables falling under the provision of paragraph 775, and there are many forms of beans prepared falling under the provision of paragraph 765.

The court then proceeded to examine the legislative history of the provisions in question in order to arrive at the congressional intent in the enactment. It appeared that subsequent to the decision in *Stein, Hirsch & Co.* v. *United States, supra*, the Treasury Department directed that bean flour be classified as beans, prepared. (T. D. 38784.) However, on November 3, 1928, following the decision in *United States* v. *Kawahara, supra*, the Treasury Department issued T. D. 43020 which contained the following statement:

There has been some confusion resulting from the various decisions in regard to the classification of articles produced from vegetables where the articles have lost their identity as "vegetables" as that term is ordinarily used, and the department held in T. D. 38709 and T. D. 38784 following the decision of the United States Court of Customs Appeals (T. D. 35397) [*Stein, Hirsch & Co.* v. *United States, supra*], that bean flour, pea flour, yam flour, soya-bean flour, etc., were dutiable as prepared vegetables. The department is of the opinion, however, that the position taken by that court in its later decision (T. D. 42242) [*United States* v. *Kawahara, supra*] is probably the correct construction of paragraph 773. * * *

On May 14, 1930, the Treasury Department again changed the practice and directed that bean flour be classified as beans, prepared. (T. D. 44032.) The court pointed out that in the preparation of the Tariff Act of 1930, Congress became aware of the confusion which had existed in the classification of vegetable flour through statements in the Summary of Tariff Information, 1929, relating to paragraph 763 of the Tariff Act of 1922. In the Tariff Act of 1930, paragraph 765 is identical with paragraph 763 of the Tariff Act of 1922, except for the addition of the words "on the entire contents of the container." However, to the vegetable paragraph (paragraph 773 of the Tariff Act of 1922, which became paragraph 775 of the Tariff Act of 1930), Congress added the words "if reduced to flour." The court concluded, therefore:

\* \* \* Congress having added this provision to paragraph 775, it must be held to have been the Congressional understanding that, without such addition, said paragraph 775 would not have included the flour of such vegetables. Similarly, it must be held to have been the Congressional understanding that paragraph 765, without a similar addition, did not include bean flour; and, no such addition having been enacted, we must conclude that it was the Congressional intent that said paragraph 765 does not include bean flour.

It is plaintiff's contention, apparently, that this decision indicates that Congress did not intend the provision in paragraph 756 for chestnuts, prepared, to include chestnut flour. However, the legislative history as to chestnut flour is different from that relating to vegetable flours.

As indicated in *United States* v. *Gallagher & Ascher (Inc.)*, *supra*, prior to the Tariff Act of 1922, there had been no *eo nomine* provision for chestnuts, and when the dutiability of chestnut products had been involved, the contest was generally between provisions for nonenumerated manufactured articles and vegetables, prepared, or starch. However, the *Gallagher & Ascher* case, *supra*, held that under the Tariff Act of 1922, chestnut flour was classifiable as chestnuts, prepared. In a Memorandum of Court Decisions Affecting Tariff Act of 1922, prepared for the use of the Committee on Ways and Means of the House of Representatives, the following statement is found on page 61:

In the case of *United States* v. *Gallagher & Ascher*, 16 Ct. Cust. Appls. [141], T. D. 42779, the court held that chestnut flour was free of duty under paragraph 1546 and not dutiable as a nonenumerated manufactured article under paragraph 1459, as classified by the collector.

If this decision is not in accord with the Congressional intent, the paragraph should be amended. The following provision, as amended, is suggested:

PAR. 1546. Chestnuts, including marrons, crude, dried, baked, prepared or preserved in any manner, *but not ground into flour*. [Italics quoted.]

Congress in the Tariff Act of 1930 made two provisions for chestnuts: Paragraph 756, *supra*, and paragraph 1646 providing for free entry for "Chestnuts (including marrons), not further advanced than crude, dried, or baked." However, the words "but not ground into flour" were not added to the provisions for chestnuts, prepared, thus indicating congressional satisfaction with the holding of the *Gallagher & Ascher* case, *supra*, that chestnut flour should be classified as chestnuts, prepared. The *Gallagher & Ascher* case, *supra*, is also referred to in the Summary of Tariff Information, 1929, p. 2270.

On the other hand, *United States* v. *Kawahara, supra*, is referred to in the said memorandum prepared for the Committee on Ways and Means on page 33, and it is stated on page 34:

If the decision is in conflict with the Congressional intent, it is suggested that the provision should be amended. It is believed the following provision would accomplish the result:

PAR. 773. Vegetables, if cut, sliced, *reduced into flour*, or otherwise reduced in size, or if parched or roasted, or if pickled, or packed in salt, brine, oil, or prepared or preserved in any other way and not specially provided for; * * * [Italics quoted.]

Congress did add the provision "if reduced to flour" to the vegetable paragraph of the Tariff Act of 1930 (paragraph 775), thus indicating an intent to change the tariff classification of vegetable flours.

While, because of the decision in the *Kawahara* case, *supra*, it was necessary to include in the vegetable paragraph a specific provision for vegetables, if reduced to flour, no such necessity existed as to chestnut flour. It had been held in the *Gallagher & Ascher* case, *supra*, that chestnut flour was classifiable as chestnuts, prepared, and legislative sanction of this interpretation is apparent in the provisions of the Tariff Act of 1930 as to chestnuts. There is nothing in the *Togasaki* case, *supra*, that alters this. The merchandise, the statutory provisions, and the legislative and judicial history of those provisions were all different from those involved herein.

We hold, therefore, that the within merchandise, chestnut flour, is properly dutiable at 8 cents per pound under paragraph 756 of the Tariff Act of 1930, as amended by the General Agreement on Tariffs and Trade, T. D. 51802.

The protest is overruled and judgment will be rendered accordingly.